1  **Tomas A. Guterres, Esq. (State Bar No. 152729)**
2  **Christie Bodnar Swiss, Esq. (State Bar No. 245151)**
   **Megan K. Lieber, Esq. (State Bar No. 272413)**
3  **COLLINS COLLINS MUIR + STEWART LLP**
4  **1100 El Centro Street**
   **South Pasadena, CA  91030**
5  **(626) 243-1100 – FAX (626) 243-1111**
   **Email:  tguterres@ccmslaw.com**
6  **Email:  cswiss@ccmslaw.com**
   **Email:  mlieber@ccmslaw.com**
7

8  Attorneys for Defendants, COUNTY OF LOS ANGELES (erroneously sued as LOS
   ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES and LOS
9  ANGELES COUNTY SHERIFF'S DEPARTMENT); TARA ANDERSON; JANET
10 JACKSON; LIZABETH BONETT (erroneously sued as LIZABETH BONNETT);
   NORA SALINAS; VEALETTA RANKIN (erroneously sued as VEALETTA
11 RANKEN); LA SHEA BAKER (erroneously sued as LA SHAY BAKER); LIZA
12 MUTIS; MARC WILLIAMS; NATALIE OSTER; JUDITH THOMAS (erroneously
   sued as JUDY THOMAS); DEPUTY JOHN M. DEMPSEY; DEPUTY CHARLES
13 DANA (erroneously sued as DEPUTY DANA); and DEPUTY ROBERT CLAUS

14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17 AMANDA ANDERSON, JASON          ) CASE NO. 2:15-cv-05028 JPR
   SINGLETON, T.S. a minor, and K.S. a ) *[Assigned to Magistrate Judge Jean P.*
18 minor, by and through their Guardian ) *Rosenbluth]*
   Ad Litem, Dee Wayne Singleton,   )
19                                  )
20              Plaintiffs,         ) **DEFENDANTS' NOTICE OF MOTION**
                                    ) **AND MOTION TO DISMISS AND**
21      vs.                         ) **MOTION TO STRIKE COMPLAINT**
                                    ) **[Fed. R. Civ. P. 12(b)(6) and 12(f)(2)]**
22                                  )
23 COUNTY OF LOS ANGELES, LOS       ) **DATE:            November 12, 2015**
   ANGELES DEPARTMENT OF            ) **TIME:            10:00 a.m.**
24 CHILDREN AND FAMILY              ) **COURTROOM:    A – 8th Floor**
   SERVICES, TARA ANDERSON,         )
25 JANET JACKSON, LIZABETH          )
   BONNETT, MARC WILLIAMS,          ) **Complaint Filed:  7/2/15**
26 NORA SALINAS, NATALIE OSTER,     ) **Trial Date:  None**
27 VEALETTA RANKEN, LA SHAY         )
   BAKER, LIZA MUTIS, JUDY          ) **Counsel met and conferred pursuant to**
28                                  ) **L.R. 7-3 on October 9 & 15, 2015**

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

19301

                                    1

              **MOTION TO DISMISS AND STRIKE COMPLAINT**

THOMAS, PILAR BROWN, LOS )
ANGELES COUNTY SHERIFF'S )
DEPARTMENT, DEPUTY JOHN M. )
DEMPSEY, DEPUTY DANA, )
DEPUTY ROBERT CLAUS, )
DETECTIVE RICHARD SIMMONS, )
and Does 1 through 10 Inclusive, )
                    )
          Defendants. )
_____ )

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on November 12, 2015, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom A on the 8th floor of the above-entitled court located at 213 North Spring Street, Los Angeles, CA 90012, Defendants County Of Los Angeles (erroneously sued as Los Angeles Department Of Children And Family Services and Los Angeles County Sheriff's Department); Tara Anderson; Janet Jackson; Lizabeth Bonett (erroneously sued as Lizabeth Bonnett); Nora Salinas; Vealetta Rankin (erroneously sued as Vealetta Ranken); La Shea Baker (erroneously sued as La Shay Baker); Liza Mutis; Marc Williams; Natalie Oster; Judith Thomas (erroneously sued as Judy Thomas); Deputy John Dempsey; Deputy Charles Dana; and Deputy Robert Claus (hereinafter referred to as "Individual Defendants") (collectively referred to as the "County" or "Defendants"), will and hereby do move the Court for a dismissal on the grounds that the Complaint filed by Plaintiffs Amanda Anderson, Jason Singleton, T.S., and K.S. (collectively referred to as "Plaintiffs") fails to state a claim against Defendants upon which relief can be granted.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Further, the Individual Defendants will and hereby do move the Court to strike

**MOTION TO DISMISS AND STRIKE COMPLAINT**

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111
19301

Plaintiffs' prayer for punitive damages against the Individual Defendants because Plaintiffs failed to properly plead any cause of action against them that warrants the imposition of punitive damages.  In addition, Defendants will and hereby do move the Court to strike any and all references to Plaintiffs' reservation of rights to plead new facts supporting additional theories of liability later in the proceedings on the grounds that Plaintiffs fail to provide Defendants with adequate notice of what the claim is and the grounds upon which it rests in violation of Fed. R. Civ. P. 8(a)(2).

Defendants move this Court for an Order Striking the following portions of the Complaint on file herein as follows:

(1)     Page 12, Paragraph 37, Lines 14-15: "Due to the confidential nature of the Juvenile Court proceedings, Plaintiffs reserve the right to supplement this list as Discovery in this matter proceeds."

(2)     Page 16, Paragraph 48, Lines 12-14: "Plaintiffs submit that further matters and issues will be shown upon full review of all the records and files of the Juvenile Court and DCFS, and as discovery has not been conducted as to such issues."

(3)     Page 28, Paragraph 86, Lines 4-5: "The list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile records."

(4)     Page 38, Paragraph 3 of the Prayer for the First Cause of Action, Line 23: "Punitive damages as against the individual defendants."

(5)     Page 39, Paragraph 3 of the Prayer for the Second Cause of Action, Line 6: "Punitive damages as against individual defendants only."

(6)     Page 39, Paragraph 3 of the Prayer for the Third Cause of Action, Line 15: "Punitive damages as against individual defendants only."

(7)     Page 39, Paragraph 3 of the Prayer for the Fourth Cause of Action, Line 24: "Punitive damages as against individual defendants only."

(8)     Page 40, Paragraph 3 of the Prayer for the Fifth Cause of Action, Line 7:

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

19301

3

MOTION TO DISMISS AND STRIKE COMPLAINT

"Punitive damages as against individual defendants only."

(9)    Page 40, Paragraph 3 of the Prayer for the Sixth Cause of Action, Line 18: "Punitive damages as against individual defendants only."

(10)   Page 41, Paragraph 3 of the Prayer for the Eighth Cause of Action, Line 12: "Punitive damages as against individual defendants only."

(11)   Page 41, Paragraph 3 of the Prayer for the Ninth Cause of Action, Line 21: "Punitive damages as against individual defendants only."

(12)   Page 42, Paragraph 3 of the Prayer for the Tenth Cause of Action, Line 7: "Punitive damages as against individual defendants only."

(13)   Page 42, Paragraph 3 of the Prayer for the Eleventh Cause of Action, Line 19: "Punitive damages as against individual defendants only."

On October 9, 2015, Counsel for Defendants sent meet and confer correspondence to Counsel for Plaintiffs via email pursuant to Local Rule 7-3.  The parties discussed the issues during a telephone call on October 15, 2015 but an agreement could not be reached.

DATED: October 15, 2015          COLLINS COLLINS MUIR + STEWART LLP

By: _____
     MEGAN K. LIEBER
     TOMAS A. GUTERRES
     CHRISTIE BODNAR SWISS
     Attorneys for Defendants,
     COUNTY OF LOS ANGELES; TARA
     ANDERSON; JANET JACKSON;
     LIZABETH BONETT; NORA SALINAS;
     VEALETTA RANKIN; LA SHEA
     BAKER; LIZA MUTIS; MARC
     WILLIAMS; NATALIE OSTER; and
     JUDITH THOMAS

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

19301

4

MOTION TO DISMISS AND STRIKE COMPLAINT

I.     INTRODUCTION .................................................................................. 5

II.    GENERAL AUTHORITY FOR MOTION TO DISMISS .............................. 6

III.   PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTS AGAINST THE
       INDIVIDUAL DEFENDANTS ................................................................ 7

IV.    INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
       IMMUNITY FROM PLAINTIFFS' FEDERAL CAUSES OF ACTION ...... 9

V.     INDIVIDUAL DEFENDANTS ARE ENTITLED TO IMMUNITY FROM
       PLAINTIFFS' STATE CAUSES OF ACTION ........................................ 11

       A.  The Immunity Applies to Social Workers' Decisions in Placement
           Investigations............................................................................. 11

       B.  The Individual Defendants' Immunity Extends to the County .............. 13

VI.    PLAINTIFFS HAVE NOT ALLEGED A *MONELL* VIOLATION BY
       DEFENDANTS ................................................................................... 14

VII.   PLAINTIFFS HAVE NOT PLEAD FACTS SUPPORTING THEIR
       CLAIM FOR INJUNCTIVE RELIEF .................................................... 18

VIII.  PLAINTIFFS' RESERVATIONS TO PLEAD ADDITIONAL THEORIES
       OF LIABILITY MUST BE STRICKEN ................................................. 20

IX.    PLAINTIFFS' PUNITIVE DAMAGES CLAIM MUST BE STRICKEN... 20

X.     CONCLUSION.................................................................................... 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Collins Collins
Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

19301

i

**MOTION TO DISMISS AND STRIKE COMPLAINT**

**Cases**

*Alicia T. v. County of Los Angeles*, 222 Cal.App.3d 869 (1990) ................................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662 ............................................ 6, 7, 13, 14, 17

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 ............................................ 6

*Barnes v. County of Placer*, 654 F.Supp.2d 1066 ............................................ 9

*Bd. Of the County Comm'rs v. Brown*, 520 U.S. 397 ............................ 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ......................... 6, 7, 13, 14, 17

*Berry v. Baca*, 379 F.3d 764 ............................................ 15

*Carey v. Piphus*, 435 U.S. 247 (1978) ............................................ 21

*Clement v. Gomez*, 298 F.3d 898 ............................................ 10

*Costanich v. Dep't of Soc. Servs.*, 627 F.3d 1101 ............................................ 9

*Davis v. City of Ellensburg*, 869 F.2d 1230 ............................................ 15

*Galen v. County of Los Angeles*, 477 F.3d 652 ............................................ 14

*Gillete v. Delmore*, 979 F.2d 1342 ............................................ 15

*Gray v. Poole*, 275 F.3d 1113 ............................................ 9

*Harlow v. Fitzgerald*, 475 U.S. 800 ............................................ 9, 19

*In re M.C.*, 199 Cal.App.4th 784 ............................................ 11

*Jacqueline T. v. Alameda County Child Prot. Servs.*, 155 Cal.App.4th 456 ............. 11

*Malley v. Briggs*, 475 U.S. 335 ............................................ 10

*McDade v. West*, 223 F.3d 1135 ............................................ 17

*Monell v. N.Y. City Dept. of Social Services*, 436 U.S. 658 ............. 5, 6, 14, 15, 17, 19

*Morrison v. Work*, 266 U.S. 481 ............................................ 18

*Moss v. U.S. Secret Service*, 572 F.3d 962 ............................................ 7

*O'Shea v. Littleton*, 414 U.S. 488 ............................................ 18

*Ortega v. Sacramento County Dep't of Health & Human Servs.*, 161 Cal.App.4th 713 ............................................ 12, 13

*Oviatt v. Pearce*, 954 F.2d 1470 ............................................ 14

*Pearson v. Callahan*, 555 U.S. 223 ............................................ 9, 19

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

19301

**MOTION TO DISMISS AND STRIKE COMPLAINT**

*Pittman v. Cuyahoga County DCFS*, 640 F.3d 716 ................................................ 9

*Pollard v. Geo Group, Inc.*, 607 F.3d 583 ....................................................... 7

*Rizzo v. Goode*, 423 U.S. 362 ................................................................ 19

*Ronald S. v. County of San Diego*, 16 Cal.App.4th 887 ................................. 13

*Saucier v. Katz*, 533 U.S. 194 ............................................................ 10

*Schwenk v. Hartford*, 204 F.3d 1187 ................................................. 10

*Sprewell v. Golden State Warriors*, 266 F.3d 979 .................................. 8

*Trevino v. Gates*, 99 F.3d 911 ........................................................ 15

*United States v. Oregon State Medical Society*, 343 U.S. 326 ................. 19

*Van Emrik v. Chemung County Dep't of Soc. Servs.*, 911 F.2d 863 ........... 9

*Van Ort v. Estate of Stanewich*, 92 F.3d 831 ................................... 14

*Weinberger v. Romero-Barcelo*, 456 U.S. 305 .................................. 18

*Young v. City of Visalia*, 687 F.Supp.2d 1141 (E.D.Cal. 2009) ........... 14, 17

**Statutes**

42 U.S.C. § 1983 ...................................................................... 14, 19

42 U.S.C. § 1985 ........................................................................ 5

Civil Code § 43 ......................................................................... 5

Civil Code § 51.7 ...................................................................... 5

Civil Code § 52 ......................................................................... 5

Civil Code § 52.1 ...................................................................... 5

Government Code § 815.2(b) .................................................... 11, 12

Government Code § 820.2 ....................................................... 11, 13

Government Code § 821.6 ............................................................ 5

WIC § 309 .............................................................................. 13

**Other Authorities**

1st Amendment .......................................................................... 5

4th Amendment ......................................................................... 5

14th Amendment ....................................................................... 5

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

19301

iii

**MOTION TO DISMISS AND STRIKE COMPLAINT**

**Rules**

FRCP 12(b)(6) ........................................................................................... 7

FRCP 8(a)(2) ....................................................................................... 6, 7

FRCP 12(f)(2) ....................................................................................... 20

FRCP 8(a) ............................................................................................. 20

FRCP 8(a)(2) .................................................................................. 20, 21

**Collins Collins**
**Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone   (626) 243-1100
Fax      (626) 243-1111

19301

iv

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.**

### **INTRODUCTION**

Defendants County Of Los Angeles (erroneously sued as Los Angeles Department Of Children And Family Services and Los Angeles County Sheriff's Department); Tara Anderson; Janet Jackson; Lizabeth Bonett (erroneously sued as Lizabeth Bonnett); Nora Salinas; Vealetta Rankin (erroneously sued as Vealetta Ranken); La Shea Baker (erroneously sued as LA SHAY BAKER); Liza Mutis; Marc Williams; Natalie Oster; and Judith Thomas (erroneously sued as Judy Thomas) (hereinafter referred to as "Individual Defendants") (collectively referred to as "Defendants"), bring this Motion to Dismiss and Motion to Strike the Complaint of Plaintiffs Amanda Anderson, Jason Singleton, T.S., and K.S. (collectively referred to as "Plaintiffs"). The allegations against Defendants stem from a dependency petition filed against Plaintiffs Amanda Anderson and Jason Singleton on June 25, 2014.

Plaintiffs' Complaint asserts the following causes of action: 1) Assault against all Defendants; 2) Battery against all Defendants; 3) False Imprisonment against all Defendants; 4) Violation of Federal Civil Rights, §1983 and §1985, 1st, 4th, and 14th Amendments, against Individual Defendants; 5) Violation of Federal Civil Rights, §1983 and §1985, 14th Amendment – procedural due process against Individual Defendants; 6) Violation of Federal Civil Rights, §1983 and §1985, and 14th Amendment – substantive due process against Individual Defendants; 7) *Monell*-related claims against County; 8) Intentional Infliction of Emotional Distress against all Defendants; 9) Violation of State Civil Rights, Civil Code §43, against all Defendants; 10) Violation of State Civil Rights, Civil Code §§51.7 and 52, against all Defendants; 11) Violation of State Civil Rights, Civil Code §52.1, against all Defendants; and 12) Injunctive Relief against all Defendants.

Under the pleading standards set forth by the Supreme Court, Plaintiffs' conclusory allegations fail to state a claim upon which relief may be granted.

19301

**Collins Collins Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

5

**MOTION TO DISMISS AND STRIKE COMPLAINT**

Plaintiffs fail to provide Defendants with adequate notice of the claims against them. Further, Defendants are entitled to immunity from liability arising from the allegations set forth in Plaintiffs' Complaint. Plaintiffs have also failed to set forth facts establishing the *Monell*-related claims against the County for violations of Plaintiffs' civil rights. Finally, Plaintiffs have not set forth a sufficient or comprehensible basis for injunctive relief against Defendants. Therefore, Defendants' Motion to Dismiss should be granted without leave to amend.

Plaintiffs' attempt to reserve their rights to bring additional allegations against Defendants is improper, and fails to give Defendants adequate notice of the claims against them in violation of the pleading standard articulated by Fed. R. Civ. P. 8(a)(2). Additionally, the Complaint fails to plead allegations that would give rise to an award of punitive damages. Accordingly, Defendants respectfully request that the Court grant their Motion to Strike.

## II.

## GENERAL AUTHORITY FOR MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

For a complaint to survive a motion to dismiss, it must assert more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, a plaintiff must also demonstrate that a claim has facial plausibility. *Bell Atlantic Corp.*, 550 U.S. at 570. As explained by the Supreme Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

**Collins Collins**
**Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

19301

6

**MOTION TO DISMISS AND STRIKE COMPLAINT**

1 liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

2 "In sum, for a complaint to survive a motion to dismiss, the non-conclusory

3 'factual content,' and reasonable inferences from that content, must be plausibly

4 suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572

5 F.3d 962, 969 (9th Cir. 2009). In other words, mere "labels and conclusions" or "a

6 formulaic recitation of the elements" of a cause of action will not suffice. *Id.* (citing

7 *Iqbal*, 556 U.S. at 678).

8 **III.**

9 <u>**PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTS AGAINST THE**</u>

10 <u>**INDIVIDUAL DEFENDANTS**</u>

11 A court should dismiss a complaint when its allegations fail to state a claim

12 upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only

13 include "a short and plain statement of the claim showing that the pleader is entitled to

14 relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required.

15 *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (citing *Bell Atl. Corp. Twombly, supra*, 550

16 U.S. at 555 (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss

17 does not need detailed factual allegations")).

18 Although the court must accept as true all factual allegations in the complaint

19 and must draw all reasonable inferences from those allegations, construing the

20 complaint in the light most favorable to the plaintiff (*Pollard v. Geo Group, Inc.*, 607

21 F.3d 583, 585 n.3 (9th Cir. 2010), the complaint must allege "sufficient factual matter,

22 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556

23 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

24 when the pleaded factual content allows the court to draw the reasonable inference

25 that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663

26 (quoting *Twombly*, 550 U.S. at 556).

27 A court should not accept "threadbare recitals of a cause of action's elements,

28 supported by mere conclusory statements," *id.*, or "allegations that are merely

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Plaintiffs have failed to provide sufficient facts to satisfy the standards set forth in *Iqbal* and *Twombly*.

With the exception of Defendant Tara Anderson, Plaintiffs literally plead *no* facts relating specifically to the social worker Individual Defendants, including Defendants Bonett, Jackson, Williams, Salinas, Oster, Rankin, Baker, Mutis, and Thomas.  Indeed, it is unclear whether the Individual Defendants, except Defendant Anderson, were even involved in the dependency case.  Plaintiffs plead absolutely no facts supporting their claims that the Individual Defendants, except Defendant Anderson, engaged in the alleged behavior.  Therefore, Plaintiffs' claims against these Defendants must fail.

Plaintiffs' allegations against Defendant Anderson state that she conducted interviews with Plaintiffs Amanda and Jason regarding the allegations of abuse related to Jason's former stepdaughter's child, A.R., because the alleged abuse occurred within Amanda and Jason's home.  Complaint ¶¶ 24-27.  Defendant Anderson then accompanied Plaintiffs T.S. and K.S. to the Palmdale Sheriff's Station so that Defendant Anderson could continue her investigation into any child abuse inflicted upon T.S. or K.S.  Complaint ¶ 28, 32.  Based on the allegations set forth in the Complaint, it is clear the investigation into Plaintiffs Amanda and Jason and the well-being of their children was triggered by reports of neglect by Jason's former stepdaughter on her child while she was living in Amanda and Jason's home.  Complaint ¶¶ 24-25.  Indeed, the Complaint suggests that Defendant Anderson did nothing more than interview Plaintiffs to find out if T.S. or K.S. were being abused, and to determine whether T.S. or K.S. were adequately protected against any alleged abuse of A.R. occurring within Plaintiffs' home, which was a crucial part of her job.

Plaintiffs have alleged nothing more than unreasonable inferences and unwarranted deductions of fact with respect to each of the Individual Defendants.  The facts alleged against Defendant Anderson specifically indicate Defendant Anderson

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone   (626) 243-1100
Fax      (626) 243-1111

19301

8

**MOTION TO DISMISS AND STRIKE COMPLAINT**

was simply doing her job in thoroughly investigating the allegations of abuse occurring within Plaintiffs' home to determine whether the alleged abuse extended to T.S. and K.S.  As such, the allegations against the Individual Defendants are insufficient and each of the Individual Defendants must be dismissed with prejudice.

## IV.

## INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFFS' FEDERAL CAUSES OF ACTION

Qualified immunity applies to the Individual Defendants as social workers.  See *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (doctrine applies to government officials); see also *Costanich v. Dep't of Soc. Servs.*, 627 F.3d 1101, 1109-1110 (9th Cir. 2009) (applying the doctrine to a social worker).  The purpose of this immunity is to "shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson*, 555 U.S. at 231.  Public employees performing discretionary functions "generally are shielded from liability for civil damages in so far as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).

The Individual Defendants are entitled to qualified immunity for actions within the course and scope of their duties as social workers and sheriff deputies.  *Barnes v. County of Placer*, 654 F.Supp.2d 1066, 1072 (E.D. Cal. 2009); *Gray v. Poole*, 275 F.3d 1113, 1117-1118 (D.C. Cir. 2002) (applying absolute immunity to testimony given in a child neglect action and stating that qualified immunity was the test for all other disputed actions in the case); *Van Emrik v. Chemung County Dep't of Soc. Servs.*, 911 F.2d 863, 865-868 (2d Cir. 1990) (qualified immunity applied to shield caseworkers who requested investigative x-rays in aid of a child abuse investigation); *Pittman v. Cuyahoga County DCFS*, 640 F.3d 716, 727-728 (6th Cir. 2011) (applying absolute immunity to social worker in filing affidavit in support of motion for permanent custody and qualified immunity for alleged improper investigation in a

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

19301

9

**MOTION TO DISMISS AND STRIKE COMPLAINT**

custody proceeding).

Qualified immunity is an entitlement not to go to trial, not merely a defense from liability. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The purpose of qualified immunity "is to ensure that defendants reasonably can anticipate when their conduct may give rise to liability by attaching liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (internal citations omitted). Moreover, qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (holding that the purpose of qualified immunity is to protect government officials from liability for good faith mistakes).

Here, the Individual Defendants are being accused of violating Plaintiffs' rights based only on their duties as social workers and sheriff deputies to investigate the safety and welfare of the minor Plaintiffs.

On June 19, 2014, Defendants were alerted to possible neglect of A.R. by his parents Brianna and Hunter after A.R. was brought to the hospital with broken ribs. Complaint ¶ 25. Briana and Hunter were living with Plaintiffs Amanda and Jason at this time. *Id.* During Defendants' investigation, it was discovered Plaintiffs Amanda and Jason had concerns about the possible neglect of A.R. by Briana and Hunter while they resided in Plaintiffs' home and went so far as to report their concerns to DCFS. Complaint ¶¶ 24, 26. It was also discovered that two other minors were residing in the home during this time, Plaintiffs T.S. and K.S. As part of their investigation, Defendants interviewed and examined T.S. and K.S. to determine whether they were being abused, and to determine whether T.S. and K.S. were adequately protected against any alleged abuse of A.R. On June 27, 2014, the Juvenile Court found sufficient facts to continue the detention of minors T.S. and K.S., and set the matter for a jurisdiction hearing. Complaint ¶ 41. Because the Individual Defendants have

**Collins Collins
Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

19301

10

**MOTION TO DISMISS AND STRIKE COMPLAINT**

been sued in their roles as social workers and sheriff deputies, their fulfillment of duties in their respective positions entitle them to qualified immunity.

## V.

## INDIVIDUAL DEFENDANTS ARE ENTITLED TO IMMUNITY FROM PLAINTIFFS' STATE CAUSES OF ACTION

The Individual Defendants are immune from liability for Plaintiffs' state law claims as a matter of law. California *Government Code* § 820.2 states, "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." If County employees are immune, so is the County. *Government Code* § 815.2(b). The investigation of child abuse, removal of a minor, and instigation of dependency proceedings are discretionary decisions subject to immunity under *Government Code* § 820.2. *Jacqueline T. v. Alameda County Child Prot. Servs.*, 155 Cal.App.4th 456, 466 (2007).

A.   **The Immunity Applies to Social Workers' Decisions in Placement Investigations**

In *Alicia T. v. County of Los Angeles*, 222 Cal.App.3d 869 (1990), the court held that the absolute immunity provided by *Government Code* § 820.2 applied to social workers' alleged negligent and intentional conduct in connection with a child abuse investigation. *Id.* at 883. The court reasoned:

> As evidenced by … the analogy of a social worker's function to that of a prosecutor, the acts complained of by [plaintiffs] are discretionary, not ministerial. Indeed it is the continuing exercise of this discretion in favor of the protection of minor children that motivates our decision to afford social workers absolute immunity.

*Id.* The *Alicia T.* holding continues to be applied in state and federal courts. See, e.g., *In re M.C.*, 199 Cal.App.4th 784, 811 n.16 (2011); *Ortega v. Sacramento County*

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

19301

11

**MOTION TO DISMISS AND STRIKE COMPLAINT**

*Dep't of Health & Human Servs.*, 161 Cal.App.4th 713, 731-732 (2008); *Jacqueline T.*, supra, 155 Cal.App.4th at 467.

Here, the Individual Defendants' investigation into the reported abuse of A.R., and the safety of the other minors residing in Plaintiffs' home, required the exercise of the Individual Defendants' discretion.   These decisions to investigate and initiate dependency proceedings are analogous to the functions performed by a prosecutor in investigating and brining criminal charges.  They are clearly discretionary.  Because the decisions made by the Individual Defendants in this case required the exercise of each Individual Defendants' discretion – whether or not that discretion was abused – in weighing and comparing alternative courses of action based on the information available, and making subjective choices based on that information, each Individual Defendant is immune.  As such, *Government Code* § 815.2(b) applies to immunize the Individual Defendants in this case.

Plaintiffs will allege *Government Code* § 820.21 applies to strip the Individual Defendants of their immunity in this case.  However, the allegations on the face of the Complaint establish § 820.21 does not apply here.  The Complaint clearly states "any information that would have been favorable (exculpatory) to AMANDA and/or JASON was buried within the 12 page single spaced Statement of Cause attachments."  Complaint ¶ 37.  This is an admission that the necessary, relevant information was submitted to the court for its consideration, and Plaintiffs' argument regarding how the documents were submitted to the court cannot give rise to a cause of action.  Nevertheless, the court considered all of the information presented and made the decision to issue the warrant authorizing removal.  Plaintiffs' claim that exculpatory information was "buried" within the documents submitted to the Court is a far stretch from a failure to disclose known exculpatory evidence as required by *Government Code* § 820.21.  Moreover, Plaintiffs' have not set forth any facts establishing any information was fabricated or withheld with malice, which is required in order to strip a social worker of immunity under *Government Code* §

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

19301

12

**MOTION TO DISMISS AND STRIKE COMPLAINT**

820.21.  Plaintiffs' conclusory statements to this effect do not satisfy the pleading standards set forth by the Supreme Court's holdings in *Twombly* and *Iqbal*.

### B.    The Individual Defendants' Immunity Extends to the County

Liability under *Government Code* § 815.6 for breach of a mandatory duty applies to *ministerial* duties imposed by regulations as well as statutes.  *Ortega*, supra, 161 Cal.App.4th at 728 (emphasis added).  However, WIC § 309 "merely [requires DCFS personnel] to conduct an investigation and determine the potential risk to the child.  Neither of these are ministerial duties and both involve a formidable amount of discretion."  *Id.* (emphasis added).  *Ronald S. v. County of San Diego*, 16 Cal.App.4th 887, 897 (Ct. App. 1993) (adopted minor alleged negligence against public entity in investigating and selecting abusive adoptive parents; Cal. *Gov't Code* §§ 820.2 and 821.6 immunized the public entity).

A public entity is immune from liability where DCFS conducts an investigation and makes a custody determination.  *Ortega*, supra, 161 Cal.App.4th at 728.   In *Ortega*, the California Court of Appeal held that even though the investigation conducted by DCFS was clearly "lousy" and that the custody determination was clearly "the wrong one," the discretionary acts immunity applied "whether or not such discretion be abused."  *Id.*  The court further explained that Government Code § 815.6 did not require the investigation to be diligent – only that DCFS would have to show reasonable diligence had it failed to conduct an investigation or make a determination. *Id.*

Here, there is no question the County investigated an abuse referral that directed them to Plaintiffs' home and, relying on the information obtained from interviews with each of the Plaintiffs, found sufficient evidence to obtain a warrant for removal and file a petition with the Juvenile Court.  Discretionary immunity therefore defeats Plaintiffs' state law claims.

///

///

19301

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

13

**MOTION TO DISMISS AND STRIKE COMPLAINT**

# VI.

## PLAINTIFFS HAVE NOT ALLEGED A *MONELL* VIOLATION BY DEFENDANTS

To state a claim against the County under 42 U.S.C. § 1983, Plaintiffs must plead facts sufficient to show that the County caused the tort by way of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. N.Y. City Dept. of Social Services*, 436 U.S. 658, 691 (1978). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694.

The following conditions must be met to establish municipal liability under 42 U.S.C. § 1983: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996), citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); see also *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

In *Young v. City of Visalia*, 687 F.Supp.2d 1141 (E.D.Cal. 2009), the Eastern District of California interpreted the Supreme Court's decisions in *Iqbal* and *Twombly* and addressed the use of conclusory allegations against a public entity in a §1983 case. The court explained that "[a]lthough they may provide the framework of the complaint, legal conclusions are not accepted as true and threadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." As in the case at issue, the plaintiff in *Young* attempted to allege §1983 liability against a public entity on a theory of inadequate training and hiring practices. *Id.* at 1149. The court found the plaintiff's allegations deficient because the complaint

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

19301

14

**MOTION TO DISMISS AND STRIKE COMPLAINT**

failed to "identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused the plaintiff's harm." *Id.* The court explained that "without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct. Because the Complaint contains insufficient facts that plausibly indicate a valid *Monell* claim, dismissal is appropriate. *Id.* at 1150.

It is Plaintiffs' burden to show that the County instituted and maintained a policy that caused them to suffer a violation. *See Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004). To meet this burden, Plaintiffs must show "the existence of a widespread practice that…is so permanent and well settled as to constitute a 'custom or usage' within the force of law." *Gillete v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992). Plaintiffs' burden is not met by a single instance of behavior by a non-policy making employee. See *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1999); see also *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-1234 (9th Cir. 1989). Plaintiffs cite no evidence that the County had a custom or practice that was "so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691.

Here, Plaintiffs conclude the County has instituted the following policies:

a. The policy of detaining and/or threatening to detain children from their parents without exigent circumstances, valid court order, and/or consent of their parent or legal guardian;

b. The policy of causing minor children to be interviewed without Court Order, parental consent, parental knowledge, parental presence, and/or without just and reasonable cause;

c. The policy of causing minor children to be medically assessed and/or examined, including, without Court Order, parental consent, parental

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

19301

**MOTION TO DISMISS AND STRIKE COMPLAINT**

knowledge, parental presence, and without just and reasonable cause;

d.   The policy of using trickery, duress, undue influence, coercion, fabrication and/or false testimony or evidence, and in failing to provide exculpatory evidence, in obtaining and in presenting testimony to the Court causing an interference with the Plaintiffs' rights, including those as to due process and familial relations;

e.   The policy of retaliating against a parent who exercises their right to object to, refuse, and/or complain about the County's employee's and/or agent's conduct and threats;

f.   The policy of using intimidation, fear, threats, coercion, retaliation, misrepresentation and duress during their investigation of allegations of child abuse and/or neglect, including the unwarranted threat of removal, and/or continued detention, of a child unless they relent to the social worker's demands;

g.   The policy of allowing social workers and law enforcement to submit warrant applications for removal of children without just cause or reason, without providing exculpatory evidence, and without correctly stating the true facts and circumstances;

h.   By acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train and/or supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth, and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings; and

i.   The policy of acting with deliberate indifference in failing to correct and discipline the wrongful conduct of employees who fail to provide the Constitutional protections guaranteed to individuals, including those

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone   (626) 243-1100
Fax      (626) 243-1111

19301

16

**MOTION TO DISMISS AND STRIKE COMPLAINT**

under the First, Fourth, and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings

Complaint ¶ 86.  However, like the plaintiff in *Young*, Plaintiffs here fail to provide facts establishing these alleged "policies" have been implemented by the County, fail to identify how these policies are deficient, and fail to identify how these policies caused Plaintiffs' harm.  See *Young*, 687 F.Supp.2d at 1150.  Moreover, Plaintiff has so forth no facts establishing anyone other than Plaintiffs have been subjected to these alleged policies or that these policies are "so permanent and well-settled as to constitute a 'custom or usage' with the force of law."  *Monell*, 436 U.S. at 691.

Even if Plaintiffs could establish a relevant municipal policy, they cannot maintain their action pursuant to 42 U.S.C. § 1983 unless they also show that the policies were the "moving force" behind the constitutional violation at issue.  *Bd. Of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  A direct causal connection exists only if the alleged constitutional violation was a foreseeable result of the municipality's policy.  See *McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000).  Plaintiffs allege no policy, custom, or practice of the County specifically that was the "moving force" behind their alleged constitutional violations.  Instead, Plaintiffs provide a conclusory laundry list that lumps together their allegations against the County and attributes those allegations to "policies" practiced by the County.  These allegations amount to nothing more than mere threadbare allegations that track the required elements of a *Monell* claim and are not supported by well-pleaded facts.

Plaintiffs' laundry list of deficient practices and policies do not contain sufficient facts to plausibly indicate a valid claim under 42 U.S.C. § 1983 against the County.  Therefore, under the pleading standards set forth in *Twombly* and *Iqbal*, dismissal of the Seventh Cause of Action against the County is appropriate.

///

///

19301

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone   (626) 243-1100
Fax     (626) 243-1111

17

**MOTION TO DISMISS AND STRIKE COMPLAINT**

# VII.

## PLAINTIFFS HAVE NOT PLEAD FACTS SUPPORTING THEIR CLAIM FOR INJUNCTIVE RELIEF

Plaintiffs have not established a proper cause of action for injunctive relief against the County. Injunctive relief is granted "not as a matter of right, but in the exercise of a sound judicial discretion." *Morrison v. Work*, 266 U.S. 481, 490 (1925). It is well established that, in the exercise of that discretion, district courts may properly refuse to grant injunctive relief that is impracticable or otherwise contrary to the public interest. *See*, *e.g.*, *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"); *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) ("A federal court should not intervene to establish the basis for future intervention that would be … intrusive and unworkable").

Plaintiffs' Twelfth Cause of Action seeks injunctive relief and requests an order enjoining and prohibiting Defendants from:

a. Failing to establishing, implement, and follow policies, procedures, customs and practices mandated by the U.S. Constitution and California Constitution, and laws, including as to the removal, questioning, detention, continued detention, interviewing, examination, and prohibition from providing false and misleading evidence and testimony while conducting dependency investigations and proceedings of minor children in alleged child abuse or neglect matters.

b. From failing to properly supervise, manage, control, train, and direct the activities of its officers, agents, and employees as to their compliance with those principals mandated by the First, Fourth, and Fourteenth Amendments to the United States Constitution and laws, and under the California Constitution and laws, including those as to the right of privacy, and as to child abuse and neglect proceedings.

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19301

18

**MOTION TO DISMISS AND STRIKE COMPLAINT**

c.  From failing to implement and establish a policy of truthful, unbiased and full and complete reporting, including evidence and testimony both positive and negative (exculpatory), in the investigation or proceedings of the California Welfare and Institutions Code, including when obtaining warrants and in providing reports and information to the Court.

d.  From such other prohibited and unlawful conduct as set forth herein (including as to the basis for Plaintiffs' *Monell* claims herein).

Complaint ¶ 122.  Plaintiffs fail to plead any facts that would entitle them to injunctive relief in this matter.  As stated in more detail above, Defendants are entitled to qualified and discretionary immunity in order to "shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, supra, 555 U.S. at 231.  Public employees performing discretionary functions "generally are shielded from liability for civil damages in so far as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).

Injunctive relief can be granted as a remedy for violation of a plaintiff's civil rights in an action brought pursuant to 42 U.S.C. § 1983. *Rizzo v. Goode*, 423 U.S. 362, 378-380 (1976).  The purpose of an injunction is to "forestall future violations." *United States v. Oregon State Medical Society*, 343 U.S. 326, 333 (1952).  Injunctive relief in these cases requires "a real threat of future violation or a contemporary violation of a nature likely to continue or recur." *Id.*  Plaintiffs clearly allege in the Complaint that on September 4, 2014, "the Court dismissed the matter and the parents['] legal custody was reinstated." Complaint ¶ 46.  Plaintiffs have set forth no facts or allegations establishing a good faith belief that the offending behavior would continue or indicating there is a real threat of future violation.  Instead, Plaintiffs generally seek to change the policies and procedures of the County, despite acknowledging the dependency petition involving Plaintiffs has been dismissed.

Plaintiffs have not set forth facts establishing they are entitled to the

**MOTION TO DISMISS AND STRIKE COMPLAINT**

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

19301

1    extraordinary remedy of injunction.  Plaintiffs have an adequate remedy at law for

2    these tort claims and injunctive relief is therefore improper.

3                                      **VIII.**

4    **PLAINTIFFS' RESERVATIONS TO PLEAD ADDITIONAL THEORIES OF**

5                            **LIABILITY MUST BE STRICKEN**

6           Under FRCP 12(f)(2), "[t]he court may strike from a pleading an insufficient

7    defense or any redundant, immaterial, impertinent, or scandalous matter.  The court

8    may act: …(2) on motion made by any party…within 20 days after being served with

9    the pleading."   Defendants move the Court to strike any and all references to

10   Plaintiffs' reservation of rights to plead new facts supporting additional theories of

11   liability later in the proceedings based on Plaintiffs' claims that discovery is pending

12   and a review of the records will reveal further matters and issues to be pled by

13   Plaintiffs.  See Complaint ¶¶ 37, 48, 86.  This reservation is improper and violates the

14   notice pleading standard set forth in FRCP 8(a).

15          FRCP 8(a)(2) requires "a short and plain statement of the claim showing that

16   the pleader is entitled to relief."  The purpose of the pleading standard articulated by

17   FRCP 8(a)(2) is to give defendants notice of what the claim is and the grounds upon

18   which it rests.  Plaintiffs' anticipation that a review of the files will reveal additional

19   matters and issues, and their reservation of rights to plead those additional matters and

20   issues, does not provide Defendants adequate notice of the claims against them in

21   violation of the pleading standard articulated by Fed. R. Civ. P. 8(a)(2).   For that

22   reason, Defendants request the Court strike the following: Complaint ¶ 37, lines 14-

23   15; ¶ 48, lines 12-14; ¶ 86, lines 4-5.

24                                       **IX.**

25          **PLAINTIFFS' PUNITIVE DAMAGES CLAIM MUST BE STRICKEN**

26          As stated above, FRCP 12(f)(2) allows the court to "strike from a pleading an

27   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

28   The court may act: …(2) on motion made by any party…within 20 days after being

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

19301

20

**MOTION TO DISMISS AND STRIKE COMPLAINT**

served with the pleading."  FRCP 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiffs' Complaint fails to allege sufficient facts to show that they are entitled to punitive damages.  Plaintiffs' Complaint is full of conclusory allegations and does not plead specific facts regarding actions by Individual Defendants that would warrant punitive damages.  Plaintiffs have failed to adequately allege what particular actions of these social workers may warrant punitive damages.  Plaintiffs do not even specifically address any of the social worker Individual Defendants other than Defendant Anderson, so it is unclear what actions taken by the other Individual Defendants would warrant punitive damages.  Simply concluding the Individual Defendants acted with malice and/or conscious disregard for the rights of Plaintiffs is not sufficient to justify an award of punitive damages.

Although a plaintiff who proves a defendant committed a tort may be entitled to compensatory damages as a right, a plaintiff is not automatically entitled to punitive damages.  *Carey v. Piphus*, 435 U.S. 247 (1978).  Punitive damages are intended to "deter or punish malicious deprivations of rights."  A legal conclusion stating that an act is despicable or malicious is insufficient to put a defendant on notice of the allegations which form the basis of a prayer for punitive damages.  Because Plaintiffs have failed to properly plead any claims for punitive damages, the prayer for punitive damages as to the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Causes of Action against the Individual Defendants should be stricken.

///

///

19301

**MOTION TO DISMISS AND STRIKE COMPLAINT**

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone   (626) 243-1100
Fax      (626) 243-1111

# X.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court grant their Motion to Dismiss and Motion to Strike the Complaint.  Defendants further request any additional relief that this Court deems just and proper.

DATED:  October 15, 2015                COLLINS COLLINS MUIR + STEWART LLP


By: _____
MEGAN K. LIEBER
TOMAS A. GUTERRES
CHRISTIE BODNAR SWISS
Attorneys for Defendants,
COUNTY OF LOS ANGELES; TARA
ANDERSON; JANET JACKSON;
LIZABETH BONETT; NORA SALINAS;
VEALETTA RANKIN; LA SHEA
BAKER; LIZA MUTIS; MARC
WILLIAMS; NATALIE OSTER; JUDITH
THOMAS; DEPUTY JOHN M.
DEMPSEY; DEPUTY CHARLES
DANA; and DEPUTY ROBERT CLAUS

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone   (626) 243-1100
Fax      (626) 243-1111

19301

22

**MOTION TO DISMISS AND STRIKE COMPLAINT**

1

2

3                        **PROOF OF SERVICE**
                  **(CCP §§ 1013(a) and 2015.5; FRCP 5)**

4   State of California,                    )
                                           )  ss.
5   County of San Diego.                    )

6       I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 2011 Palomar Airport Rd., Suite 207, Carlsbad, California 92011.

7       On this date, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT [Fed. R. Civ. P. 12(b)(6) and 12(f)(2)]; DEFENDANTS' CERTIFICATION AND NOTICE OF INTERESTED PARTIES; and [PROPOSED] ORDER RE MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFFS' COMPLAINT** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

8

9

10  Donnie R. Cox, Esq.                         Paul W. Leehey, Esq.
    LAW OFFICES OF DONNIE R. COX                LAW OFFICES OF PAUL W. LEEHEY
    402 North Nevada Street                     210 E. Fig Street, Suite 101
11  Oceanside, CA 92054                         Fallbrook, CA 92028
    (760) 400-0263 – FAX: (760) 400-0269        (760) 723-0711 – FAX: (760) 723-6533
12  drc@drcoxlaw.com                            law@leehey.com
    **ATTORNEYS FOR PLAINTIFFS**                **ATTORNEYS FOR PLAINTIFFS**

13  ☐  **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Carlsbad, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Carlsbad, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16  ☐  **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Carlsbad, California.

17  ☐  **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

18  ☒  **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List on:  _**October 15,2015**_  (Date) at  _____  (Time)

19

20  ☐  **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

21  ☐  **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (760) 274-2111 indicated all pages were transmitted.

22

23  ☐  **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

24      Executed on **October 15, 2015** at Carlsbad, California.

25  ☐  **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26  ☒  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

27                        _[signature]_
                         Lavonne E. Kiser
                         lkiser@ccmslaw.com

28

**Collins Collins
Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

19301

                        23

**MOTION TO DISMISS AND STRIKE COMPLAINT**