DONNIE R. COX, SBN 137950
LAW OFFICE OF DONNIE R. COX
402 North Nevada Street
Oceanside, CA 92054
Tel: (760) 400-0263, Fax: (760) 400-0269
drc@drcoxlaw.com

PAUL W. LEEHEY, SBN 92009
LAW OFFICE OF PAUL W. LEEHEY
210 E. Fig Street, Ste. 101
Fallbrook, CA 92028
Tel: (760) 723-0711, Fax:  (760) 723-6533
law@leehey.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA ANDERSON,  JASON SINGLETON, T.S. a minor, and K.S. a minor, by and through their Guardian Ad Litem, Dee Wayne Singleton<br>Plaintiffs<br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES, TARA ANDERSON, JANET JACKSON, LIZABETH BONNETT, MARC WILLIAMS, NORA SALINAS, NATALIE OSTER, VEALETTA RANKEN, LA SHAY BAKER, LIZA MUTIS, JUDY THOMAS, PILAR BROWN, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY JOHN M. DEMPSEY, DEPUTY DANA, DEPUTY ROBERT CLAUS, DETECTIVE RICHARD SIMMONS, and Does 1 through 10 Inclusive<br>Defendants. | ) CASE NO. 2:15-cv-05028-SVW(KLSx)<br>) **FIRST AMENDED COMPLAINT FOR**<br>) **DAMAGES**<br>) 1.  Assault;<br>) 2.  Battery;<br>) 3.  False Imprisonment;<br>) 4. Violation of Civil Rights (42 USC §1983<br>) and §1985, 1st, 4th, and 14th Amendments);<br>) 5.  Violation of Civil rights (42 USC §1983<br>) and §1985, 14th Amendment Procedural<br>) Due Process);<br>) 6.  Violation of Civil Rights (42 USC<br>) §1983 and §1985, 14th Amendment<br>) Substantive Due Process);<br>) 7.  Monell Related Claims;<br>) 8.  Intentional Infliction of Emotional<br>) Distress;<br>) 9.  Violation of State Civil Rights (CC §43)<br>) 10.  Violation of State Civil Rights<br>) (CC§51.7 & §52);<br>) 11.  Violation of State Civil Rights<br>) (CCC§52.1);<br>) 12. Injunctive Relief.<br>) JURY TRIAL REQUESTED |

1

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiffs AMANDA ANDERSON, JASON SINGLETON, and T.S., a minor, and K.S., a minor, by and through their Guardian Ad Litem, Dee Wayne Singleton allege as follows:

1.     Pursuant to the Court's Local Rule 8-1, Plaintiffs assert that the statutory or other basis for the exercise of jurisdiction in this United States Federal District Court is based upon a federal question asserted under 42 U.S.C. §1983 and §1985 as to violations of Plaintiffs' rights under the United States  Constitution and laws, including those under the First, Fourth, and Fourteenth Amendments, as well as supplemental jurisdiction for Plaintiffs' state claims asserted pursuant to 28 U.S.C. 1367(a); all of which Plaintiffs request be tried and heard before a jury.

2.     At all relevant times mentioned in their Complaint, Plaintiffs were residents of Los Angeles County, California.  Dee Wayne Singleton made application to be appointed the Guardian ad Litem for minors T.S. and K.S. in this action and was appointed their Guardian Ad Litem on July 8, 2015 by this Court..

3.     At all times mentioned herein, Defendant COUNTY OF LOS ANGELES was and is a public entity (hereinafter "COUNTY" or "LOS ANGELES COUNTY").

4.     At all times mentioned herein, Defendant LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES (hereinafter "DCFS") was and is a subdivision or entity of LOS ANGELES COUNTY.

5.     At all times mentioned herein, Defendant TARA ANDERSON (hereinafter "T. ANDERSON") was an officer, agent and/or employee of LOS ANGELES COUNTY.

6.     At all times mentioned herein, Defendant JANET JACKSON (hereinafter "JACKSON") was an officer, agent and/or employee of LOS ANGELES COUNTY.

7.     At all times mentioned herein, Defendant LIZABETH BONETT (erroneously sued as "LIZABETH BONNETT," hereinafter "BONETT") was an officer, agent and/or employee of LOS ANGELES COUNTY.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

8.     At all times mentioned herein, Defendant MARC WILLIAMS (hereinafter "WILLIAMS") was an officer, agent and/or employee of LOS ANGELES COUNTY.

9.     At all times mentioned herein, Defendant NORA SALINAS (hereinafter "SALINAS") was an officer, agent and/or employee of LOS ANGELES COUNTY.

10.     At all times mentioned herein, Defendant NATALIE OSTER (hereinafter "OSTER")was an officer, agent and/or employee of LOS ANGELES COUNTY.

11.     At all times mentioned herein, Defendant VEALETTA RANKIN (erroneously sued as "VEALETTA RANKEN," hereinafter "RANKIN") was an officer, agent and/or employee of LOS ANGELES COUNTY.

12.     At all times mentioned herein, Defendant LA SHAY BAKER (hereinafter "BAKER") was an officer, agent and/or employee of LOS ANGELES COUNTY.

13.     At all times mentioned herein, Defendant LIZA MUTIS (hereinafter "MUTIS")was an officer, agent and/or employee of LOS ANGELES COUNTY.

14.     At all times mentioned herein, Defendant JUDY THOMAS (hereinafter "THOMAS") was an officer, agent and/or employee of LOS ANGELES COUNTY.

15.     At all times mentioned herein, Defendant PILAR BROWN (hereinafter "BROWN") was an officer, agent and/or employee of LOS ANGELES COUNTY.

16.     T. ANDERSON, JACKSON, BONETT, WILLIAMS, SALINAS, OSTER, RANKIN, BAKER, MUTIS, THOMAS, BROWN, and DOES 1-5 are hereinafter referred to as "the Social Worker Defendants."

17.     At all times mentioned herein, Defendant LOS ANGELES SHERIFF'S DEPARTMENT (hereinafter "LASD") was and is a subdivision or entity of LOS ANGELES COUNTY.

18.     At all times mentioned herein, Defendant JOHN M. DEMPSEY (hereafter "DEMPSEY") was an officer, agent and/or employee of LASD.

19.     At all times mentioned herein, Defendant DEPUTY CHARLES DANA (hereafter "DANA") was an officer, agent and/or employee of LASD.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

20.     At all times mentioned herein, Defendant ROBERT CLAUS (hereinafter "CLAUS") was an officer, agent and/or employee of LASD.

21.     At all times mentioned herein, Defendant RICHARD SIMMONS (hereinafter "SIMMONS") was an officer, agent and/or employee of LASD.

22.     DEMPSEY, DANA, CLAUS, SIMMONS, and DOES 6-10 are hereinafter referred to as the "Deputy Defendants."

23.     Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1 through 10, Inclusive, and therefore sue them by such fictitious names.  Plaintiffs will amend this Complaint, or present the same at the time of trial according to proof, as to the true names and capacities of said DOE Defendants when the same are ascertained.

24.     Plaintiffs are informed and believe, and based upon such information and belief allege, that each of the Defendants is responsible in some manner for the events and happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.  Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned each and every Defendant was the agent and/or employee of their co-defendants, and each of them, acting at all relevant times herein under color of authority of a governmental entity under the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

## COMMON ALLEGATIONS

25.     This action arises from a juvenile dependency investigation and proceedings conducted pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code, initiated or conducted by Defendants LOS ANGELES  COUNTY, DCFS, and LASD, regarding Plaintiff minors T.S. and K.S., born 2007 and 2013 respectively. This investigation and

4

**FIRST AMENDED COMPLAINT FOR DAMAGES**

proceedings also affected Plaintiffs AMANDA ANDERSON (hereinafter "AMANDA")  and JASON SINGLETON (hereinafter "JASON").

26.     AMANDA and JASON are the natural mother and father of K.S. JASON is the natural father of T.S. At the time of the events which are the subject of this action, JASON shared custody of T.S. with T.S.'s mother, Shannon Singleton ("Shannon").

27.     Between 2009 and 2014, after JASON and Shannon had separated/divorced and were living in separate households, DCFS received several referrals that Shannon was neglecting her children, Brianna and T.S. A number of these referrals were substantiated. Evidence was uncovered during these investigations that Shannon was abusing prescription pain medication, was driving with her children while under the influence, and was neglecting her children. There was also evidence that Shannon smoked excessively around her children, and there were allegations that she had burned the children with her cigarettes. At no time prior to the incidents complained of herein had there been any substantiated referrals to DCFS concerning JASON or AMANDA.

28.     On February 17, 2014, Brianna gave birth to a baby boy, A.R. At the time A.R. was born, Brianna was only 17-years old, and was living with Shannon. A.R.'s father was Brianna's boyfriend, Hunter Robinson ("Hunter"). Hunter was only 19-years old at the time of A.R.'s birth. A.R. was born prematurely, and from the outset, had issues with feeding and projectile vomiting.

29.     In March 2014, Brianna determined that she could no longer tolerate living with Shannon. As Brianna, Hunter and A.R. had nowhere to live, and were in danger of becoming homeless, JASON (Brianna's former step-father) and AMANDA (JASON'S girlfriend) allowed Brianna, Hunter, and A.R. to live with them.

30.     Shortly after Brianna, Hunter, and A.R. moved into the Anderson/Singleton home, Shannon reported Brianna as a runaway. LASD Deputies came to the home,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

removed Brianna, and returned her to her mother's home, leaving A.R. at the Anderson/Singleton home with Hunter. After assessing the situation between Shannon and Brianna, LASD agreed that Brianna could continue to reside at the Anderson/Singleton home with her boyfriend and child.

31.     In April and May 2014, DCFS was contacted on at least two occasions by AMANDA and JASON regarding their concerns about the ability of Brianna and Hunter to care for A.R. without the counseling and parenting services provided by the agency. DCFS social worker Elizabeth Porciau conducted a brief investigation of A.R.'s circumstances, including interviews with Shannon, Brianna, JASON, and T.S., and an assessment of the Anderson/Singleton home. During her visits to the home, Ms. Porciau had the opportunity to interact with A.R. and observe all members of the household.  It was clear to Ms. Porciau that the Anderson/Singleton home was considered a refuge by Brianna and T.S. Ms. Porciau expressed no concerns about A.R., and took no action to provide services to Brianna, Hunter, and A.R., and AMANDA's continued efforts to secure assistance from DCFS for Brianna, Hunter, and A.R. were unsuccessful.

32.     After Brianna, Hunter, and A.R. moved into the Anderson/Singleton home, AMANDA and JASON frequently recommended to Brianna and Hunter that they attend free parenting classes which were given in the area. AMANDA and JASON also gave advice and recommendations to Brianna and Hunter about how to properly care for their newborn child. AMANDA assisted Brianna with making sure that A.R. was signed up for Medi-Cal insurance. AMANDA and JASON also ensured that Brianna and Hunter were taking A.R. to the pediatrician to follow-up with his issues with feeding and emesis. Because neither Brianna nor Hunter were employed, and Brianna only attended classes a couple of hours a week, Brianna and Hunter provided virtually all care to A.R.

33.     In June 2014, Brianna and Hunter sought medical assistance for A.R. due to his chronic vomiting. A skeletal survey performed at Children's Hospital of Los

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Angeles revealed several healing rib fractures. Because Brianna and Hunter were unable to adequately explain the cause of the rib fractures, a physician contacted DCFS to report the injuries. After a brief investigation, DCFS placed a "hospital hold" on A.R., which lasted 23 days before he was eventually placed in a foster home.

34.     Following the hotline report on June 19, 2014, BONETT, SIMMONS and another LASD Deputy responded to the hospital and interviewed Brianna, Hunter and a doctor. Brianna and Hunter continued to deny any knowledge of how A.R.'s injuries might have occurred, and speculated that they might have happened while A.R. was in Shannon's care. Neither Brianna nor Hunter made any statement to BONETT, SIMMONS, or any of the other Social Worker Defendants or Deputy Defendants that they believed or even speculated that A.R.'s injuries could have occurred while A.R. was in the care of either AMANDA or JASON.

35.     During the afternoon of June 19, 2014, DCFS Social Worker Kimberly Young and a Deputy with LASD arrived at the Anderson/Singleton home to discuss what happened with A.R. JASON and AMANDA explained to Young and the Deputy that Brianna, Hunter, and A.R. had been living in the Anderson/Singleton home for several months following Brianna's dispute with Shannon. JASON and AMANDA also repeated their concerns that Brianna and Hunter, as teenage parents, were not receiving the services they needed to help them care for their baby. During her visit, Young spoke privately with Plaintiff T.S., observed AMANDA changing K.S.'s diaper, and viewed Brianna and Hunter's bedroom. At no time during Young's visit to the Anderson/Singleton home did she indicate there were any allegations being investigated concerning JASON and AMANDA. Both Young and the Deputy left the Anderson/Singleton home shortly after arrival, leaving T.S. and K.S. in the care and custody of JASON and AMANDA as they had found no indication that either was in imminent danger of serious physical injury.

7

36.     Following their interviews and investigation at the hospital, SIMMONS and BONETT, in consultation with other DCFS and LASD employees including WILLIAMS, decided that LASD and DCFS should respond immediately to the Anderson/Singleton home to take protective custody of T.S. and K.S. At the time this consensus decision was made, DCFS and LASD had already been to the Anderson/Singleton home, interviewed JASON and AMANDA, observed  K.S. and T.S., and determined they were not in imminent danger of serious bodily injury. In addition, at the time of this consensus decision, there were no allegations whatsoever about JASON or AMANDA or any neglect or abuse perpetrated by them.

37.     During the late evening of June 19, 2014, T. ANDERSON, after consulting with BONETT, JACKSON, and WILLIAMS as well as other employees and/or agents of DCFS and LASD, arrived at the Anderson/Singleton home. T. ANDERSON spoke briefly with JASON and AMANDA outside their home, and then asked if she could come in to speak with them further regarding A.R. At no time during this conversation did T. ANDERSON indicate that she was there for any reason other than to speak with AMANDA and JASON regarding A.R., and never indicated she was there to remove T.S. and K.S. from their parents' custody. After entering the home, T. ANDERSON informed AMANDA and JASON that LASD deputies DANA and DEMPSEY would be arriving shortly, and that AMANDA and JASON must allow them into their home.

38.     T. ANDERSON questioned AMANDA and JASON about Brianna, Hunter, and A.R. Once DANA and DEMPSEY arrived, and JASON allowed them to enter his home, T. ANDERSON altered the course of her questioning. T. ANDERSON questioned AMANDA and JASON about K.S. and T.S., informing them that she and the LASD Deputies had the authority to take T.S. and K.S. into custody unless JASON and AMANDA cooperated fully with the investigation. Based on the threats and coercive techniques of T. ANDERSON, DANA and DEMPSEY, in

8
**FIRST AMENDED COMPLAINT FOR DAMAGES**

consultation with their supervisors, including JACKSON and SIMMONS, and fearful that their children were going to be taken away, AMANDA signed Authorization forms under protest for K.S. and T.S. (even though she was not T.S.'s parent).

39.     During the interview, JASON informed T. ANDERSON that he believed that Brianna and Hunter neglected A.R. and that Hunter was too rough with A.R. JASON voiced some concerns about Shannon's involvement with Brianna, T.S., and A.R. JASON and AMANDA also informed T. ANDERSON that they had called DCFS several times trying to receive assistance for Brianna and Hunter, that DCFS had taken no action in response to these requests, and that they had recommended that Brianna and Hunter take parenting classes to help them care for A.R.

40.     While JASON and AMANDA were being interviewed by T. ANDERSON, additional LASD Deputies arrived at their home. Only then did T. ANDERSON, DANA and DEMPSEY inform AMANDA and JASON that they were removing T.S. and K.S. from their custody.   They informed JASON and AMANDA that the removal was on order of SIMMONS and LASD Deputy Jacobs (in consultation with DCFS agents and/or employees, including BONETT, JACKSON, and WILLIAMS), and that the children would be taken to Palmdale Sheriff's Station. They told JASON and AMANDA that K.S. and T.S. would be booked "for suspicion of child abuse by an unknown perpetrator." At no time during the preceding interview/interrogation did any of the Defendants ever express that they believed that K.S. or T.S. were in imminent danger of serious bodily injury, nor was there any evidence that K.S. or T.S. were in such imminent danger.

41.     T. ANDERSON, DANA, and DEMPSEY then removed K.S. and T.S. from the custody of AMANDA and JASON in the middle of the night, with no warning and with no cause, without a reasonable belief that the T.S. and K.S. were in imminent danger of serious bodily injury, without the informed consent of AMANDA or JASON, and without a properly obtained warrant  T.S. and K.S. were

**FIRST AMENDED COMPLAINT FOR DAMAGES**

scared and tearful as they were ripped from their parents' arms by T. ANDERSON, DANA, DEMPSEY, and other members of the LASD.

42.    At the Palmdale Sheriff's Station, T.S. and K.S. were interviewed and examined by T. ANDERSON, DANA and DEMPSEY without their parents' consent or presence.  These unlawful interviews and physical examinations were performed at the direction of, and after consulting with, other agents and/or employees of DCFS and LASD, including JACKSON and SIMMONS. At no time did the Defendants, or any of them, have the informed consent or permission for such interviews and or examinations, or obtain a warrant for the removal, investigation or examination of T.S. and K.S, nor did they have any reasonable belief that exigent circumstances existed that would indicate that T.S. and K.S. were in imminent danger of serious bodily injury from either AMANDA or JASON. T.S. denied being physically abused or neglected by anyone at the Anderson/Singleton home, and informed them that JASON and AMANDA did not drink alcohol or abuse drugs.

43.    Hunter was also present at the Sheriff's Station while T.S. and K.S. were being examined and interviewed. Under the supervision of DANA, Hunter called JASON to ask if he could spend the night at the Anderson/Singleton home. JASON told Hunter and DANA, that Hunter and Brianna were no longer welcome at the Anderson/Singleton home, and if they wished to return to pick up their possessions, they needed to be accompanied by a peace officer.

44.    After their unlawful interviews and examinations, which revealed no signs or evidence of neglect or physical abuse, and understanding that there was no evidence that K.S. and T.S. were in any danger, T. ANDERSON made the consensus decision to release K.S. and T.S. back to JASON and AMANDA. At about 5:00 a.m. on June 20, 2014, K.S. and T.S. were released back into the custody of JASON and AMANDA.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

45.     When AMANDA and JASON arrived at the Palmdale Sheriff Station, they were informed that the investigation revealed no signs of abuse to K.S. and T.S., and that AMANDA and JASON had been cleared of any allegations of abusing their children.  Later that day, AMANDA spoke to an LASD deputy who confirmed that their investigation determined there was no sign or suspicion of child abuse inflicted upon T.S. or K.S., and that JASON and AMANDA were cleared of any allegations of abuse towards their children.

46.     Later during the day on June 20, 2014, T. ANDERSON spoke with AMANDA and JASON to inform them of a hearing on June 23, 2014.  When AMANDA asked about the purpose of the hearing, T. ANDERSON replied that it was just a formality. T. ANDERSON assured AMANDA that T.S. and K.S. would not be removed or taken again, and that there was nothing to worry about. These false statements were made by T. ANDERSON after consulting with other agents and/or employees of DCFS, including JACKSON.

47.     On June 20, 2014, T. ANDERSON interviewed Shannon. Shannon advised T. ANDERSON that Brianna and Hunter were neglectful toward A.R. Shannon stated that she had tried to inform CSW Elizabeth Pourciau several times concerning the parents' neglect, but that nothing was done. When asked about JASON, Shannon advised that JASON rarely drank, and that she had never known him to be physically abusive.

48.     On June 21, 2014, T. ANDERSON spoke with AMANDA and JASON to ask for personal references and for the names, addresses and telephone numbers of family members available to care for T.S. and K.S. if they were ever detained again. When AMANDA asked T. ANDERSON the reason for these questions, T. ANDERSON told her that the questions were "routine," and that AMANDA and JASON had nothing to worry about. These false statements were made by T. ANDERSON after consulting with other agents and/or employees of DCFS, including JACKSON.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

49.     Also on June 21, 2014, LASD Deputy CLAUS arrived at the Anderson/Singleton home.  Plaintiffs are informed and believe that CLAUS was directed by agents and/or employees of DCFS and LASD, including SIMMONS, DEMPSEY, DANA, T. ANDERSON, JACKSON, BONETT, and WILLIAMS to attempt to gather evidence to support claims of physical abuse or neglect against AMANDA and JASON in an attempt to cover-up Defendants' violations of Plaintiffs' constitutional rights on June 19-20, 2014. At his request, AMANDA and JASON allowed CLAUS into their home. CLAUS informed AMANDA and JASON that he needed to examine K.S. and T.S. to check some markings on their bodies, and that he needed to speak further with T.S.

50.     CLAUS inspected K.S. and T.S., and took pictures of several markings on their bodies, including a mild case of diaper rash on K.S. and birth marks ("port wine stains") on the children's necks. AMANDA and JASON explained all markings to CLAUS. As he had found no evidence that K.S. and T.S. were in imminent danger of serious bodily harm, CLAUS left K.S. and T.S. in the care and custody of JASON and AMANDA.

51.     Despite the multiple assurances and affirmative statements that they had found no signs of abuse and that AMANDA and JASON had been cleared of all allegations of abuse towards their children, T. ANDERSON, JACKSON, DANA, DEMPSEY, SIMMONS, CLAUS, BONETT, WILLIAMS, and other DCFS and LASD employees were working to obtain a warrant to remove T.S. and K.S. from their parents' custody.

52.     On June 21, 2014, BONETT, after consulting with T. ANDERSON, JACKSON and WILLIAMS, applied for an "After-Hours Removal Order and Warrant Attachment" to provide DCFS and LASD with the authority to enter the Anderson/Singleton home and remove T.S. and K.S. Defendants' application, declaration, and statement of cause in support of the Removal Order and Warrant consisted of over 22 pages each.  In the document, BONETT's sole allegation

**FIRST AMENDED COMPLAINT FOR DAMAGES**

against JASON and AMANDA was that they had access to and contact with A.R. during the time period in which his injuries were allegedly sustained. Based on this allegation, BONETT stated that T.S. and K.S. were at "significant risk of suffering harm" if they remained in the care and custody of JASON and AMANDA. BONETT also alleged that "there are no reasonable means by which the child can be protected without temporary removal from the physical custody of the parents." Based on these statements, which were completely unsubstantiated by the investigation performed by DCFS and LASD, warrants were issued for the removal of K.S. and T.S. from their parent's custody.

53.     In their Application, BONETT, T. ANDERSON, JACKSON, and WILLIAMS conspired to violate the rights of the Plaintiffs by asserting material misrepresentations and omitting material facts.  But for the misrepresentations and omissions, no reasonable magistrate would have issued the warrant.  The misrepresentations and omissions include, but are not limited to:

      a. Defendants represented that "waiting for a ruling until the next available court day" would place the children in danger.  In fact, Defendants had already examined, interviewed and returned T.S. and K.S. to JASON and AMANDA two days previously because they had no belief that the children were in ANY danger, let alone imminent danger of serious bodily injury from JASON and/or AMANDA.

      b. There was no evidence that supported a reasonable belief that JASON was in any way implicated in any allegations of abuse or neglect *against any minor*.

      c. There were no allegations ever raised against AMANDA.

      d. Defendants did not inform the Court of AMANDA's request to be allowed to care for T.S. and K.S. in the event of a potential removal. AMANDA had discussed and agreed to the possibility of moving or excluding JASON (or any other family members) from the home until

13

**FIRST AMENDED COMPLAINT FOR DAMAGES**

the investigation was completed if that would ensure that the children remained in their home.

e.  Defendants did not inform the Court of the prior LASD and DCFS contacts with Brianna, Hunter, and A.R. in March 2014, and the ultimate decision by LASD that Brianna could stay AMANDA and JASON.

f.  Defendants did not inform the Court of Plaintiffs' prior expressions of concern to DCFS in March 2014 that Brianna and Hunter be provided with assistive services by DCFS. In fact, none of the  Defendants attempted to speak with DCFS employee Pociau prior to requesting the warrant, nor did they inform the Court of Pociau's investigation .

g.  Defendants did not inform the Court of AMANDA's call to the DCFS hotline in May 2014 regarding Plaintiffs' continued concerns regarding Brianna and Hunter's ability to care for A.R. without assistive services, and the fact that the hotline worker informed AMANDA that her concerns did not merit DCFS involvement.

h.  Defendants did not inform the Court that AMANDA and JASON opened their home to Brianna, Hunter and A.R. when they were in danger of becoming homeless.

i.  Defendants did not inform the Court that AMANDA and JASON had provided financial support, assistance, and advice to Brianna, Hunter, and A.R., and that AMANDA had helped Brianna apply for and obtain Medi-Cal and other services for her child.

j.  Defendants did not inform the Court that on June 20, 2014, AMANDA and JASON informed Hunter in the presences of law enforcement officers that he and Brianna were no longer welcome to stay in the Anderson/Singleton home.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

k.  Defendants did not inform the Court that AMANDA and JASON had cooperated with an LASD Deputy on June 19, 2014, and that said deputy had questioned AMANDA and JASON, viewed the interior of the home, and observed T.S. and K.S. in their home environment. Defendants further did not inform the Court that said LASD Deputy left the home without any reason to believe the children were in imminent danger.

l.  Defendants did not inform the Court that AMANDA and JASON had cooperated with DCFS Social Worker Kimberly Young on June 19, 2014, and that Young had questioned AMANDA and JASON, viewed the interior of the home, and observed K.S. Defendants further did not inform the Court that Young left the home without any reason to believe the children were in imminent danger.

m.  Defendants did not inform the Court that AMANDA and JASON had cooperated with LASD Deputy CLAUS on June 21, 2014, and that CLAUS had questioned AMANDA and JASON, inspected K.S. and T.S. for any markings, and photographed the markings. Defendants further did not inform the Court that CLAUS left the home without any reason to believe the children were in imminent danger. This visit was only 5 hours before DCFS and LASD came to the residence with the warrant.

n.  That the warrant application  falsely stated there was an open DCFS referral regarding JASON and his son T.S., when there was not.

o.  Defendants did not inform the Court there were no allegations as to AMANDA as to any children, and that the only allegations ever asserted against JASON were held unfounded.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

p.  Defendants did not inform the Court that JASON agreed to on-demand drug/alcohol testing, although there was no allegation or evidence that JASON required such testing.

q.  Defendants did not inform the Court that there was a possibility that a genetic condition might provide some explanation about A.R.'s multiple broken bones; or that the fractures could have been caused by the force of A.R.'s explosive vomiting.

r.  The Applications were purposely vague, confusing and unclear. Any information that was favorable or exculpatory to AMANDA and/or JASON was buried within the 12 page single-spaced Statement of Cause attachments; and were not identified in the After Hours Removal Order and Warrant Attachment Form(s) or the Application and Declaration form(s).

54.    After obtaining the After Hours Removal Order on June 21, 2014, and after consulting with other agents and/or employees of DCFS and LASD, including JACKSON, WILLIAMS, SIMMONS, DEMPSEY, and DANA, T. ANDERSON, BONETT and CLAUS arrived at the Anderson/Singleton home with a number of other LASD Deputies. The Deputies arrived at the home with their hands on their weapons and their holsters unfastened. AMANDA and JASON were each handed two sets of warrant papers (one each for T.S. and K.S., even though AMANDA was not the parent of T.S.) T. ANDERSON and the LASD deputies demanded to enter the home and told AMANDA to prepare the children to leave. T. ANDERSON and BONETT took K.S. and T.S from their home within 10 minutes of arrival.

55.    AMANDA and JASON were not told where their children were taken or why they were being removed from their custody. When they asked DCFS representatives about their children and how they might contact them, they were told to be "patient," and that they had to wait until the Detention Hearing, which was scheduled for June 25, 2014.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

56.     On June 24, 2014, DCFS social workers SALINAS and BONETT, in consultation with WILLIAMS, OSTER and other Social Worker Defendants, prepared and submitted Juvenile Dependency Petitions for A.R. and Brianna. In the Petition for A.R., SALINAS and OSTER alleged that A.R.'s injuries were consistent with non-accidental trauma, and "would not ordinarily occur except as a result of deliberate, unreasonable and neglectful acts by the parents who had care, custody and control of the child." SALINAS and OSTER also alleged that Brianna and Hunter "made an inappropriate plan for the child's care and supervision in that mother placed the child in the care of the maternal grandmother, Shannon Singleton, who physically abused the mother and is a substance abuser." SALINAS and OSTER did not include any allegations concerning JASON and AMANDA in her Petition regarding A.R. However, in the Petition regarding Brianna (who was still a minor), SALINAS and OSTER alleged that JASON "established a detrimental and endangering home environment" because A.R. was found to have rib fractures "while residing in the father's home." There were no allegations that JASON (or AMANDA) were neglectful or abusive. The only allegations were that A.R. lived under his roof.

57.     On June 24, 2014,  BONETT and T. ANDERSON, in consultation with JACKSON, WILLIAMS, and other Social Worker Defendants, submitted Detention Reports to the Juvenile Court in advance of the June 25, 2014 hearing concerning T.S. and K.S. BONETT, T. ANDERSON, JACKSON and WILLIAMS alleged that there was a "substantial danger to the physical health" of T.S. and K.S., with "no reasonable means by which the child's physical or emotional health may be protected" without removing them from the custody of JASON and AMANDA. The sole basis of these allegations was that A.R. was residing at the Anderson/Singleton home during the period of time his injuries were presumed to have been sustained. In her report, BONETT alleged that T.S. and K.S. were at "High Risk" for "future abuse/neglect," even though there was no evidence whatsoever that there had been

17

**FIRST AMENDED COMPLAINT FOR DAMAGES**

any past abuse and neglect of T.S. and K.S. BONETT further implied that Brianna, Hunter and/or Shannon were blaming JASON and AMANDA for A.R.'s injuries, when no such allegations were ever made. As with the Warrant Application, BONETT, T. ANDERSON, JACKSON and WILLIAMS made numerous misrepresentations and omitted significant exculpatory facts from the Detention. Plaintiffs are informed and believe and based thereon allege that these misrepresentations and omissions were made intentionally, or with conscious disregard of Plaintiffs' rights.

58.     On June 25, 2014, RANKIN and SALINAS, in consultation with their supervisors BAKER and OSTER, submitted an Addendum Report to the Juvenile Court in advance of a hearing involving A.R. In this report, RANKIN and SALINAS repeated the allegation that JASON had "established a detrimental and endangering home environment" because A.R. had been found to have rib fractures.

59.     AMANDA and JASON attended the Detention Hearing on June 25, 2014. They were given no opportunity to review or respond to the allegations contained in the lengthy Detention Reports. The matter was ultimately continued to June 27, 2014 and transferred to the Monterey Park Court.

60.     On June 27, 2014, AMANDA and JASON attended the continued Detention Hearing. Due to the Juvenile Court's reliance on the misrepresentations and omissions contained in the warrant application and declaration, which were replicated in the Detention Hearing Report and Addendum Reports, the court ordered the continued detention of T.S and K.S, and set the matter for a Jurisdiction hearing.

61.     K.S. was placed in a foster home in Riverside County. AMANDA and JASON were not able to visit him until mid-July 2014.

62.     Despite DCFS, California, and Federal policy that siblings be placed together in foster care, T.S. was placed in a different foster home. T.S. suffered neglect and abuse at the hands of his foster family, including physical and mental abuse. The

18

**FIRST AMENDED COMPLAINT FOR DAMAGES**

abuse included withholding food and threats of physical punishment if T.S. complained of the abuse to his parents. This abuse was repeatedly reported to the DCFS, who took no action to investigate or effectuate a change in T.S.'s placement.

63.     According to State and Federal law, DCFS was required to locate, investigate, and assess relatives for placement of K.S. and T.S. Although DCFS representatives found no fewer than 3 relative households which were safe and suitable for placement and willing to accept K.S. and T.S. for placement, DCFS instead left the children in the care of the foster families. This made it extremely difficult for AMANDA and JASON to visit their children. RANKIN, who was responsible for coordinating the visitation, did not arrange for AMANDA and JASON to visit with T.S. until July 16, 2014. RANKIN did not agree to future visitation between JASON and T.S.

64.     In preparation for the Jurisdiction hearing, THOMAS performed a home evaluation at the Anderson/Singleton home on July 10, 2014. THOMAS found the home to be safe and suitable. During this inspection, AMANDA and JASON reiterated that Brianna and Hunter were not welcome at the Anderson/Singleton home under any circumstances, and that if they wished to return to obtain their personal possessions, they must be accompanied by peace officers.

65.     On July 18, 2014, MUTIS interviewed T.S. During this interview, T.S. informed MUTIS that he wished to return to the Anderson/Singleton home. T.S. told MUTIS that neither JASON nor AMANDA were ever abusive towards him or K.S. MUTIS also interviewed T.S. and his foster father about allegations that T.S. was not getting enough to eat at his foster home. During this conversation, T.S.'s foster family advised MUTIS that he "monitored" all calls between T.S. and his family members.

66.     On July 21, 2014, MUTIS spoke with SIMMONS to discuss the status of the criminal investigation. SIMMONS informed MUTIS during this phone conversation that the focus of his investigation was on Brianna and Hunter and that he did not

**FIRST AMENDED COMPLAINT FOR DAMAGES**

consider AMANDA or JASON to be suspects. SIMMONS informed MUTIS that Brianna had made no allegations against JASON, and that Brianna's only allegation against AMANDA was that she was occasionally inattentive. SIMMONS informed MUTIS that he did not intend to schedule polygraph examinations of AMANDA and JASON because he did not consider them to be suspects.

67.    On July 24, 2014, RANKIN, MUTIS, THOMAS, BROWN, and OSTER submitted Progress Reports to the Court regarding T.S. and K.S. In these reports, they recommended that T.S. and K.S. remain in DCFS custody "due to the on-going dependency investigation." The social workers advised the court that both JASON and AMANDA were "identified as perpetrators" in the companion cases, and that they had "existing concerns as to the continued safety" of the children if they were released to JASON and AMANDA. Contrary to SIMMONS' statements to MUTIS, the social workers advised that SIMMONS had not ruled JASON and AMANDA out as suspects.

68.    Despite the efforts of the Defendant Social Workers, on July 24, 2014, T.S. and K.S. were released to JASON and AMANDA. This release was "over the objection of DCFS."

69.    Although T.S. and K.S. were now back in the custody of JASON and AMANDA, DCFS and the Social Worker Defendants continued to work to permanently remove the children from the custody of their parents, in an effort to cover-up their wrongful and unjustified actions.

70.    On August 1, 2014, MUTIS and OSTER submitted a Jurisdiction/Disposition Report to the Juvenile Court re T.S.. In this report, MUTIS and OSTER admitted that Brianna had provided a scenario "where nearly every member of her family could have been responsible for the injuries," and that T.S. and K.S. had been "caught up in the wave of Brianna's accusations." MUTIS and OSTER admitted that the family members agreed that the responsibility for A.R.'s injuries lay with Brianna and Hunter, that there was no risk of abuse or neglect at the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Anderson/Singleton home, and that "all that could have been done to help protect Brianna and her child was offered to her." MUTIS and OSTER admitted that the "allegations that Brianna has made against her family cannot even be supported by Brianna herself." Despite these statements, MUTIS and OSTER recommended that T.S. be declared a dependent of the court because JASON and AMANDA had placed T.S. "at risk of harm" because they "failed to intervene on behalf of A.R." On August 13, 2014, RANKIN, THOMAS and BROWN submitted a similar Jurisdiction/Disposition Report to the Juvenile Court regarding K.S.

71.     These reports were submitted despite the numerous attempts by both JASON and AMANDA to seek the assistance of DCFS to "intervene" on behalf of A.R. These reports were submitted in an attempt to deceive the Court and justify the unlawful violations of the rights of the Plaintiffs.  These Reports were false and MUTIS, OSTER, RANKIN, THOMAS AND BROWN knew that they were false.

72.     On September 4, 2014, THOMAS and BROWN submitted a" "Last Minute Information for the Court," in which they continued their cover-up of DCFS's actions, including a statement to the Court that AMANDA and JASON refused to accept their responsibility for A.R.'s injuries. These unfounded, and intentionally false accusations were reviewed by the Juvenile Court on September 4, 2014 and summarily rejected.  On that day the all allegations against AMANDA and JASON were dismissed and the case against them was closed.

73.     In ALL of their reports to the Juvenile Court and in other official documents, including the warrant application, the Social Worker Defendants and Deputy Defendants made material misrepresentations and omissions of fact, including, but not limited to, making statements and allegations and submitting information which was false, coercive, fabricated, and/or misrepresented. These misrepresentations include, but are not limited to, false statements that T.S. and K.S. were at risk of harm while in the care and custody of AMANDA and JASON, and that the parents' actions endangered their children's health or safety. The Social Worker Defendants

**FIRST AMENDED COMPLAINT FOR DAMAGES**

and Deputy Defendants further failed to provide exculpatory evidence and the true facts and circumstances surrounding Plaintiffs' family.

74.     Plaintiffs are informed and believe, and thereon allege, that the actions of Defendants were in retaliation for Plaintiffs' exercise of their First Amendment right to object to, refuse and/or complain about the Defendants' unwarranted actions and threats, and the Plaintiffs' complaints that the Defendants, and each of them, failed to properly investigate the allegations and requests made by the Plaintiffs regarding Brianna and A.R. Plaintiffs are further informed and believe, and thereon allege, that Defendants' actions were to "cover-up" Defendants' prior violation of Plaintiffs' Constitutional rights when they detained, interrogated and examined the minor Plaintiffs on June 19, 2014 without warrant and when the minors were not in imminent danger of serious physical injury.

75.     Further, Defendants, and each of them, conducted unlawful physical examinations of the minor Plaintiffs without the express informed consent of JASON and AMANDA, without just cause or reason, without a valid Court order, and without the presence of their parents.

76.     As a result of these misrepresentations and omissions, including the replication of them in further reports to the Court, and in an attempt to coerce and use undue influence over the parents to relent to Defendant DCFS' demands, the rights of Plaintiffs AMANDA and JASON and T.S. and K.S. were violated and the family was separated until the children were returned to the physical custody of AMANDA and JASON on July 24, 2014. Defendants' violation of Plaintiffs' rights continued until September 4, 2014, when the Court dismissed the matter and the parents' legal custody was reinstated.

77.     Defendants, and each of them, knew, or should have known, that their conduct was unlawful, that their statements were untrue, that they fabricated allegations against AMANDA and JASON, that they failed to include and/or disclose known exculpatory and material evidence in their reports; that they

22

**FIRST AMENDED COMPLAINT FOR DAMAGES**

wrongfully obtained, or attempted to obtain, evidence and compliance from Plaintiffs by duress, intimidation, coercion or undue influence; and that the warrants they obtained were not support by the true facts. Defendants' actions were performed with a conscious disregard for the rights of Plaintiffs, and each of them.

78.     From  June 19, 2014 through September 2014, Defendants COUNTY, DCFS, LASD, the Social Worker Defendants and the Deputy Defendants acted together in initiating and conducting investigations and proceedings, and related matters and conduct, pursuant to (Section 200) of Part 1 of Division 2 of the California Welfare and Institutions Code relating to allegations of child abuse and/or neglect; and did so without any just or reasonable cause, in retaliation, and in violation of law (both statutory and case law). Defendants acted and with an intent to cause injury to Plaintiffs, or with a willful and conscious disregard of Plaintiffs' rights or safety. Such conduct was carried out, initiated, performed, authorized and/or conducted, with the knowledge, consent, authorization, and in concert with all other Defendants, including, but not limited to the following:

   a.  By using coercive, intimidating, abusive, demeaning and improper conduct during their investigation of Plaintiffs, including using the threat of removal and the removal (s) and continued detention, of  T.S. and K.S. from AMANDA and JASON when there was no basis for removal, the warrant, or their continued detention;

   b.  By retaliating against Plaintiffs, under color of law, for AMANDA and JASON'S exercise of their legal rights under the First Amendment of the Constitution to object to, refuse, resist and/or complain about the conduct of Defendant County LASD and DCFS employees;

   c.  By interfering with and causing the detention of Plaintiffs T.S. and K.S. from being in the legal and physical care, custody and control of  their parents on June 19, 2014 without just or reasonable cause, without consent of their parents, without warrant, without the  existence of an

23

**FIRST AMENDED COMPLAINT FOR DAMAGES**

imminent threat of serious bodily injury to said child and without just
or reasonable cause;

d.  By presenting biased, unfounded, untrue, misrepresented, incomplete,
and fabricated evidence and testimony, and failing to provide
exculpatory evidence, to the Juvenile Court, including falsifying and
omitting information and evidence to the court in order to detain and
keep T.S. and  K.S. from being returned to their parent's care, custody
and control, including for the purpose of retaliating against Plaintiffs;

e.  By conducting, or causing to conduct unlawful physical examination(s)
of the minor Plaintiffs without the express informed consent of JASON
and/or AMANDA, without just cause, without a valid Court Order, and
without the presence of said minors' parents;

f.  By causing, and continuing to cause, the detention of T.S. and K.S.
from their parents without just or reasonable cause, up through and
including September 4, 2014.

79.    The aforesaid conduct of Defendants COUNTY, DCFS, LASD, the Social
Worker Defendants, and the Deputy Defendants in using coercion, intimidation and
duress upon Plaintiffs, in presenting the aforesaid false, misrepresented and
fabricated evidence, allegations and testimony, and/or in failing to disclose known
exculpatory evidence, was done jointly and in concert by the other Social Worker
Defendants and Deputy Defendants, to cause injury to the Plaintiffs, or was
despicable conduct carried on with the willful and conscious disregard of the
Plaintiffs' rights or safety.

80.    As a result of the joint actions of the Social Worker Defendants and Deputy
Defendants, and each of them, occurring between the period of June 19, 2014
through and including September 4, 2014, and thereafter, Plaintiffs AMANDA,
JASON, T.S. and K.S. have suffered, and will continue to suffer physical and/or

**FIRST AMENDED COMPLAINT FOR DAMAGES**

severe emotional distress and damages, as a result of these violations of their personal and civil rights of familial association.

81.     The Plaintiffs submitted a Government tort claim and application for late claim to COUNTY on November 18, 2014.  Plaintiffs were notified by mail that said claim was rejected by COUNTY on January 6, 2015.

## FIRST CAUSE OF ACTION

**ASSAULT -  By Plaintiff T.S. AND K.S. Against Defendants COUNTY OF LOS ANGELES, DCFS, T. ANDERSON, JACKSON, BONETT, WILLIAMS, SALINAS, RANKIN, BAKER, MUTIS, THOMAS, BROWN,  OSTER,  LASD, DEMPSEY, DANA, CLAUS, SIMMONS and DOES 1 through 10, Inclusive**

82.     Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 81.

83.     That the Social Worker Defendants and Deputy Defendants, and each of them, by their conduct intended to cause, and did cause on June 19, June 20, and June 21, 2014, and thereafter, harmful and/or offensive contact or imminent apprehension of such contact against Plaintiff minors T.S. and K.S. who did not consent to such contact, and placed T.S. and K.S. in reasonable imminent apprehension of harmful or offensive contact.  The conduct of the Social Worker Defendants and Deputy Defendants includes, but is not limited to,  threatening to detain, detaining, continuing to detain, unlawfully interviewing, conducting medical procedures *(including an assessment and examination* of said minors) by interfering with the custody rights of said minors and their parent(s), and by making false statements concerning physical and emotional abuse and neglect of T.S. and K.S.

84.     Defendant COUNTY, through its DCFS and LASD entities, is vicariously responsible for the conduct of the Social Worker Defendants and Deputy Defendants, and each of them, under Government Code §815.2.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

85.    As a direct and legal result of the individual Defendants' tortious and unlawful conduct, T.S. and K.S. have suffered extreme emotional distress, including anguish and fear, to an extent and in an amount to be proven at trial.

86.    The Social Worker Defendants and Deputy Defendants, and each of them, acted with malice and with the intent to cause injury to T.S. and K.S., or acted with a willful and conscious disregard of the rights of T.S. and K.S., in a despicable manner.  Therefore, T.S. and K.S. are entitled to an award of punitive damages for the purpose of punishing the Social Worker Defendants and Deputy Defendants to deter them and others from such conduct in the future.

## SECOND CAUSE OF ACTION

### BATTERY -  By Plaintiffs T.S. and K.S. Against Defendants COUNTY OF LOS ANGELES, DCFS, T. ANDERSON, JACKSON, BONETT, WILLIAMS, SALINAS, RANKIN, BAKER, MUTIS, THOMAS, BROWN,  OSTER,  LASD, DEMPSEY, DANA, CLAUS, SIMMONS, and Does 1 through 10 Inclusive

87.    Plaintiffs reallege, adopt,  and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 86.

88.    The Social Worker Defendants and Deputy Defendants, with the encouragement, knowledge, advice, counsel and at the request, direction, authorization and/or agreement of the other Social Worker Defendants and Deputy Defendants, acted with the intent to make, and did make, or caused others to make on June 19, June 20, and June 21, 2014 and thereafter, harmful contacts with the bodies of Plaintiff minors T.S. and  K.S. while unlawfully interviewing and examining them, detaining, and continuing to detain them, and by interfering with the custody rights of their parents.

89.    At no time did T.S. and K.S. constructively or otherwise, consent to such contact, nor was any proper consent obtained by law, by court order, or from their parents.

26

**FIRST AMENDED COMPLAINT FOR DAMAGES**

90.     Defendant COUNTY, and its entities DCFS and LASD, are vicariously responsible for the conduct of  the Social Worker Defendants and Deputy Defendants under Government Code §815.2.

91.     As a legal result of Defendants' actions, T.S. and K.S. were physically, mentally and emotionally violated, contacted, and/or injured, all to an extent and in an amount subject to proof at trial.

92.     The Social Worker Defendants and Deputy Defendants acted with malice and with the intent to cause injury to T.S. and K.S. or acted with a willful and conscious disregard of the rights of T.S.. and K.S. in a despicable manner; and therefore, T.S. and K.S. are entitled to an award of punitive damages for the purpose of punishing the Social Worker Defendants and Deputy Defendants, and to deter them and others from such conduct in the future.

## THIRD CAUSE OF ACTION

## FALSE IMPRISONMENT - By Plaintiff Minors T.S. AND K.S. Against Defendants COUNTY OF LOS ANGELES, DCFS, T. ANDERSON, JACKSON, BONETT, WILLIAMS, SALINAS, RANKIN, BAKER, MUTIS, THOMAS, BROWN,  OSTER,  LASD, DEMPSEY, DANA, CLAUS, SIMMONS and Does 1 through 10, Inclusive

93.     Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 92.

94.     The Social Worker Defendants and Deputy Defendants intentionally and unlawfully interviewed, assessed, examined, detained, and/or interfered with the custody right of Plaintiff minors T.S. and K.S. without evidence of any imminent danger of serious physical injury, without just or reasonable cause, without lawful privilege, without consent of their parents, AMANDA and JASON, and/or without probable cause for an appreciable amount of time; and therefore deprived T.S. and K.S. of their personal civil liberties. Defendants' unlawful conduct resulted in the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

false imprisonment of T.S. and K.S. on June 19, June 20, and June 21, 2014, and thereafter through September 4, 2014.

95.    Defendant COUNTY, through its DCFS and LASD employees and agents, is vicariously responsible for the conduct of the Social Worker Defendants and Deputy Defendants under Government Code §815.2.

96.    As a legal result of Defendants' actions, T.S. and  K.S. were physically, mentally and/or emotionally injured, all to an extent and in an amount subject to proof at trial.

97.    The Social Worker Defendants and Deputy Defendants acted with malice and with the intent to cause injury to T.S. and K.S. or acted with a willful and conscious disregard of the rights of T.S. and K.S. in a despicable manner. In addition, the Social Worker Defendants and Deputy Defendants, and each of them, engaged in despicable conduct that subjected T.S. and K.S. to cruel and unjust hardship in conscious disregard of their rights. Therefore, T.S. and K.S. are entitled to an award of punitive damages for the purpose of punishing the Social Worker Defendants and Deputy Defendants to deter them and others from such conduct in the future.

<u>**FOURTH CAUSE OF ACTION**</u>

<u>**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § §1983 and §1985 (1st, 4th and 14th  AMENDMENTS) By All Plaintiffs Against Individual Defendants, T. ANDERSON, JACKSON, BONETT, WILLIAMS, SALINAS, RANKIN, BAKER, MUTIS, THOMAS, BROWN,  OSTER, DEMPSEY, DANA, CLAUS, SIMMONS, and Does 1 through 10, Inclusive**</u>

98.    Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 97.

99.    The Social Worker Defendants and Deputy Defendants, and each of them, were acting under color of state law at the time of all events alleged in this action.

100.   The conduct of the Social Worker Defendants and Deputy Defendants, and each of them, as outlined above, violated the civil rights of Plaintiffs T.S, K.S,

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMANDA and JASON, as found in the First, Fourth, and Fourteenth Amendment of the United States Constitution and enforced under 42 U.S.C. §1983 and §1985. The unconstitutional misconduct of the Social Worker Defendants and Deputy Defendants, includes, but is not limited to, acting and conspiring to threaten to remove, interview, examine and interfere with and continue to interfere with the person and/or physical and legal custody of  Plaintiffs T.S. and K.S. from the  care, custody, and control of their parents, AMANDA and JASON, without proper or just cause and/or authority, without parental consent, without parental knowledge or presence, and without court order, including as retaliation for their parents' exercise of free speech in violation of their First Amendment Rights, in violation of Plaintiffs T.S. and K.S.'s Fourth Amendment right against unreasonable searches and seizures; and in violation of Plaintiffs' Fourteenth Amendment substantive and procedural due process rights and right to familial association.

101.   The Social Worker Defendants and Deputy Defendants knew and agreed, and thereby conspired, to unlawfully interview, examine, detain and interfere with Plaintiffs' custody and familial rights, and did so without proper reason, basis, authority, or court order, without reasonable or probable cause, with deliberate indifference to the rights of said Plaintiffs, and by the use of coercion, duress and fraud. The Social Worker Defendants and Deputy Defendants acted, in part, in retaliation against  AMANDA  and JASON'S exercise of their right to object to, refuse, and/or complain about Defendant DCFS and LASD employees' conduct and threats, as protected by the United States Constitution and laws.

102.   As a direct result of the violations by the Social Worker Defendants and Deputy Defendants, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying case, and in

**FIRST AMENDED COMPLAINT FOR DAMAGES**

the matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

103.   The Social Worker Defendants and Deputy Defendants' wrongful and unlawful conduct as herein alleged was intentional, done with malice, and/or performed with conscious disregard for Plaintiffs' rights. As a result of their despicable conduct, Plaintiffs are entitled to recover punitive damages from the Social Worker Defendants and the Deputy Defendants for their wrongful acts in in an amount to be shown according to proof at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 and §1985 (14th AMENDMENT PROCEDURAL DUE PROCESS) - By Plaintiffs Against Individual Defendants T. ANDERSON, JACKSON, BONETT, WILLIAMS, SALINAS, RANKIN, BAKER, MUTIS, THOMAS, BROWN,  OSTER, DEMPSEY, DANA, CLAUS, SIMMONS, and Does 1 through 10, Inclusive

104.   Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 103.

105.   At all applicable times herein, commencing on June 19, 2014  and continuing through at least September 4, 2014 the Social Worker Defendants and Deputy Defendants, and each of them, were acting under color of state law.

106.   The Social Worker Defendants and Deputy Defendants, and each of them, knew and agreed, and thereby conspired, to unlawfully detain, threaten to detain, interview, examine and interfere with and continue to interfere with, Plaintiffs' familial association rights, on and after June 19, 2014. Defendants' interference with Plaintiffs' familial association rights was done without just cause or authority, without imminent threat of serious bodily injury, and without valid court order, without parental consent or presence, and by use of coercion, duress, undue influence, and fraud, and by failure to provide exculpatory evidence, thereby depriving Plaintiffs of their procedural due process rights under the Fourteenth

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Amendment of the U.S. Constitution. The Social Worker Defendants and Deputy Defendants further failed to implement and/or follow, or ignore, the procedural safeguards required by Federal and State law to satisfy due process and protect the rights of families.

107.   Plaintiffs are informed and believe that the Social Worker Defendants and Deputy Defendants, and each of them, acted, knew and/or agreed, and/or thereby conspired together until at least September 4, 2014, to continue to deprive Plaintiffs of their constitutional rights without proper reason or authority, court order, reasonable probable cause, and with deliberate indifference to Plaintiffs' rights and/or by failing to correct the wrongful conduct of other Social Worker Defendants and/or Deputy Defendants. The Social Worker Defendants and Deputy Defendants further retaliated against Plaintiffs AMANDA and JASON'S exercise of their right to object to, refuse, and complain about Defendants' conduct and threats, which is protected by the First Amendment to the United States Constitution and by other laws.

108.   The Social Worker Defendants and Deputy Defendants further conspired to interfere with and violate Plaintiffs' civil familial association rights, as set forth in the Fourteenth Amendment of the United States Constitution, by acting and conspiring, without just, reasonable or proper cause or warrant to detain, threaten to detain, examine and interfere with the custody of Plaintiffs T.S. and K.S. from their parents; providing wrongful and false information to the Court, causing further interference to Plaintiffs' rights without proper or just cause and/or authority; retaliating against Plaintiffs AMANDA and JASON'S exercise of free speech; using intimidation, coercion and duress; providing false and fabricated evidence and testimony to the court; failing to provide known exculpatory evidence; and wrongfully interviewing and subjecting K.S. and T.S. to medical procedures. These actions, taken by the Social Worker Defendants and Deputy Defendants during the initiation and pendency of a dependency investigation, violated and interfered with

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiffs' constitutional rights to procedural due process of law under the Fourteenth Amendment.

109.   As a direct result of the conduct by the Social Worker Defendants and Deputy Defendants, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying case, and in the matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

110.   The Social Worker Defendants and Deputy Defendants' wrongful and unlawful conduct as herein alleged was intentional, done with malice, and/or performed with conscious disregard for Plaintiffs' rights. As a result of their despicable conduct, Plaintiffs are entitled to recover punitive damages from the Social Worker Defendants and the Deputy Defendants for their wrongful acts in an amount to be shown according to proof at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 and §1985 (14th AMENDMENT SUBSTANTIVE DUE PROCESS) – By Plaintiffs Against Defendants T. ANDERSON, JACKSON, BONETT, WILLIAMS, SALINAS, RANKIN, MUTIS, THOMAS, BROWN, OSTER, DEMPSEY, DANA, CLAUS, SIMMONS, and DOES 1 through 10, Inclusive

111.   Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 110.

112.   Commencing on June 19, 2014  and continuing through September 4, 2014, the Social Worker Defendants and Deputy Defendants, and each of them, were acting under color of state law.

113.   The Social Worker Defendants and Deputy Defendants, and each of them, conspired to interfere with and violate Plaintiffs' substantive and procedural due

**FIRST AMENDED COMPLAINT FOR DAMAGES**

process rights protected by the Fourteenth Amendment of the United States Constitution, including their liberty interest in the right of familial association, and their privacy rights under the California State Constitution. Defendants violated said constitutional rights by acting and conspiring to remove, interrogate, examine and detain and continue to detain, the person and/or physical and legal custody of Plaintiffs T.S, and K.S. from the care, custody, and control of their parents, AMANDA and JASON, without proper or just cause and/or authority; by using intimidation, coercion and duress; by using false and fabricated evidence and testimony; and by failing to provide exculpatory evidence.

114.   The Social Worker Defendants and Deputy Defendants knew and agreed, and thereby conspired, to unlawfully detain, question, threaten, and examine Plaintiffs T.S.  and K.S., and to intimidate, retaliate against, injure, and coerce Plaintiffs AMANDA and JASON, and/or to threaten to initiate and pursue a dependency investigation and proceedings (without any basis) as to all Plaintiffs, and to cause K.S. and T.S. to be out of the care, custody, and control of their parents until at least September 4, 2014. These actions were performed without proper reason, authority, or court order, without reasonable or probable cause, and with deliberate indifference to Plaintiffs' rights and/or by failing to correct the wrongful conduct of the other Social Worker Defendants and Deputy Defendants.

115.   As a direct result of the conduct by the Social Worker Defendants and Deputy Defendants, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying case, and in the matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

116.   The Social Worker Defendants and Deputy Defendants' wrongful and unlawful conduct as herein alleged was intentional, done with malice, and/or

33

performed with conscious disregard for Plaintiffs' rights. As a result of their despicable conduct, Plaintiffs are entitled to recover punitive damages from the Social Worker Defendants and the Deputy Defendants for their wrongful acts in in an amount to be shown according to proof at trial.

**SEVENTH  CAUSE OF ACTION**

***MONELL* RELATED CLAIMS By Plaintiffs Against the COUNTY, DCFS and LASD**

117.    Plaintiffs reallege, adopt  and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 116.

118.   At all relevant times herein, Defendant COUNTY, including through its DCFS and LASD agencies, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies"), which were the cause of violation of Plaintiffs' constitutional rights granted to them under the First, Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983 and §1985, as well as the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658(1978), including those, including but not limited to:

   a. The policy of detaining and/or threatening to detain children from their parents without exigent circumstances (imminent danger of serious bodily harm), valid court order and/or consent of their parent or legal guardian;

   b. The policy of causing minor children to be interviewed without Court Order, parental consent, parental knowledge, parental presence, and/or without just and reasonable cause;

   c. The policy of causing minor children to be medically assessed and/or examined, including, without Court Order, parental consent, parental knowledge, parental presence, and without just and reasonable  cause;

   d. The policy of using trickery, duress, undue influence, coercion, fabrication and/or false testimony or evidence, and in failing to provide exculpatory evidence, in obtaining and in presenting testimony to the Court causing an

34

**FIRST AMENDED COMPLAINT FOR DAMAGES**

interference with the Plaintiffs' rights, including those as to due process and familial relations;

e.  The policy of retaliating against a parent who exercises their right to object to, refuse, and/or complain about Defendant COUNTY's DCFS and LASD employee's and/or agent's conduct and threats;

f.  The policy of using intimidation, fear, threats, coercion, retaliation, misrepresentation and duress during their investigation of allegations of child abuse and/or neglect, including the unwarranted threat of removal, and /or continued detention, of a child unless they relent to the social worker's demands;

g.  The policy of allowing Social Workers and Law Enforcement to submit warrant applications for removal of children without just cause or reason, without providing exculpatory evidence, and without correctly stating the true facts and circumstances;

h.  By acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train and/or supervise their officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings; and

i.  The policy of acting with deliberate indifference in failing to correct and discipline the wrongful conduct of employees who fail to provide the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings.

119.  Defendants COUNTY, as well as DCFS and LASD as agencies or agents of the COUNTY, have authorized actions taken against Plaintiffs, and/or failed to take action, that are common, reoccurring and represent a pattern of wrongful and

**FIRST AMENDED COMPLAINT FOR DAMAGES**

unconstitutional conduct that many others have also endured, and will continue to endure, as a result of the obviously inadequate policies, procedures, practices and/or customs, which when followed, and/or are allowed, are the moving force in creating highly predictable rates of  constitutional violations against individuals, including these Plaintiffs.  In the past fifteen years the Defendant COUNTY has been sued dozens of times and paid judgments and/or settlements in the millions of dollars to Plaintiffs who have brought actions based on identical or similar polices, practices and/or customs, as are incorporated in this complaint above. These cases include, but are not limited to:  Powell vs. County of  Los Angeles, Marshall vs. County of Los Angeles, Holley vs. County of Los Angeles, Solis v. County of Los Angeles, Gonzalez vs. County of Los Angeles, Cole vs. County of Los Angeles, Fierro vs. County of Los Angeles, and Rabinovitz vs. County of Los Angeles.

120.   Defendants COUNTY, as well as DCFS and LASD as agencies or agents of the COUNTY, had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the First, Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all of their agents, officers and employees, including within DCFS and LASD; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages alleged herein.

121.   COUNTY breached its duties and obligations to Plaintiffs, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting the Social Worker Defendants and Deputy Defendants to engage in the unlawful and unconstitutional conduct as herein alleged.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

122.   Defendants knew, or should have known, that by breaching the aforesaid duties and obligations it was foreseeable that they would, and did cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to their legal duties and obligations to Plaintiffs.

123.   These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereof, Plaintiffs have sustained general and special damages, as well as incurring attorney's fees, costs and expenses, including those as authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

## EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### By Plaintiffs Against All Defendants

124.   Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable paragraphs 1 through 123 herein.

125.   The Social Worker Defendants and Deputy Defendants engaged in the aforementioned extreme, outrageous, intentional, and unprivileged conduct, including, but not limited to: (a) the use of duress and undue influence in forcing Plaintiffs AMANDA and JASON to submit to their demands; (b) by unlawfully detaining, interviewing, examining, and interfering with the familial rights as to T.S. and K.S; (c) by investigating and questioning with intimidation, coercion and duress of Plaintiffs AMANDA, JASON, T.S., and K.S.; (d) by maliciously falsifying and/or withholding exculpatory evidence; (e) by falsely and maliciously alleging and reporting that allegations as to T.S. and  K.S.'s physical health and safety were substantiated (when they were not); (f) by retaliating against Plaintiffs due to AMANDA and JASON'S exercise of their rights to free speech to object to, refuse, and/or complain about Defendants' conduct, (g) by the other conduct and actions set forth herein.

37

**FIRST AMENDED COMPLAINT FOR DAMAGES**

126.   Defendant COUNTY, and its DCFS and LASD entities, is vicariously responsible for the conduct of the Social Worker Defendants and Deputy Defendants under Government Code §815.2; as well as for its conduct, or lack thereof, in causing Plaintiffs' damages.

127.   Defendants intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct, which they knew not to be true and proper.

128.   As a legal result of Defendants' tortious conduct, Plaintiffs suffered physical and emotional distress, including, but not limited to, fright, nervousness, anxiety, worry,  mortification, shock, humiliation and indignity to an extent and in an amount subject to proof at trial.

129.   The Social Worker Defendants and Deputy Defendants knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiffs in a despicable manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing the Social Worker Defendants and Deputy Defendants and to deter them and others from such conduct in the future.

## NINTH CAUSE OF ACTION
## VIOLATION OF STATE CIVIL RIGHTS (UNDER CALIFORNIA CIVIL CODE §43) AGAINST ALL DEFENDANTS BY DIRECT LIABILITY - By All Plaintiffs

130.   Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 129 herein.

131.   The Social Worker Defendants and Deputy Defendants, and each of them, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California law, including as to proceedings described in Government Code §820.21, and including compliance with California Welfare and Institutions Code Sections, including, but not limited to:

**FIRST AMENDED COMPLAINT FOR DAMAGES**

a. §305 (regarding the conditions necessary to take custody of children by law enforcement);

b. §306 (regarding the conditions under which a social worker may take, and maintain, custody of a minor without a warrant to remove);

c. §309 (regarding the conditions a social worker shall investigate as to the facts and circumstances of a minor taken into custody and when to release said minor to the custody of her parent or guardian.

132.   As a result of the conduct of the Social Worker Defendants and Deputy Defendants as adopted and incorporated by paragraphs previously set forth herein, said Defendants and each of them, violated Plaintiffs' personal and civil rights, including the right of protection from bodily restraint or harm, from personal insult, from defamation and from injury to personal relations as set forth in California Civil Code §43, including by, but not limited to,  threats, intimidation, or coercion, or attempts thereto, in the exercise and enjoyment of Plaintiffs' rights secured by the United States Constitution, other Federal laws, and the Constitution and laws of the State of California,  and including, in violation of Government Code §820.21 by the use of fabrication of evidence, failure to disclose exculpatory evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress, fraud and undue influence.  Pursuant to *Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004), Plaintiffs are not required to make a showing of discriminatory intent or show that they are members of a protected classification to exercise these rights.

133.   The acts of the Defendants that are previously alleged in this Complaint, and incorporated by the references herein to the extent applicable, interfered, or attempted to interfere, with the exercise of Plaintiffs' personal and civil rights under the laws and Constitution of the State of California, including the Plaintiffs' rights of privacy and those rights under Civil Code §43, as well as the laws and the Constitution of the United States, as stated herein.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

134.   As a direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiffs have suffered and will continue to suffer damages, including but not limited to, great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial. Defendant COUNTY is vicariously responsible for the conduct of the Social Worker Defendants and Deputy Defendants, including under Government Code §815.2, as well as responsible for its own conduct, or lack thereof, including as to its policies, procedures, practices and/or customs, in causing Plaintiffs' damages.

135.   These violations of the Plaintiffs' personal and civil rights, including by COUNTY, the Social Worker Defendants and the Deputy Defendants, and each of them, are protected and guaranteed by California Civil Code §52.1 entitling Plaintiffs to damages and relief, including damages under California Civil Code §52, other equitable relief, punitive damages, injunctive relief,  statutory civil penalties (including $25,000.00 as to each individual Defendant) and attorneys' fees, (pursuant to CC §52.1(h)), all of which are requested herein.

136.   In performing the acts alleged in this Complaint, the Social Worker Defendants and Deputy Defendants, and each of them, knew or should have known, that their actions were likely, or would, injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the Social Worker Defendants and Deputy Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said Defendants.

## TENTH CAUSE OF ACTION

## VIOLATION OF STATE CIVIL RIGHTS (CC §51.7 AND §52) AGAINST ALL DEFENDANTS BY DIRECT LIABILITY - By All Plaintiffs

137.   Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 136 herein.

138.   The Social Worker Defendants and Deputy Defendants are individuals who were acting under color of law in conducting an investigation pursuant to California law, including as to proceedings described in Government Code §820.21 and mandatory duties under Welfare and Institutions Code.  Defendant COUNTY is vicariously responsible for these Defendants' conduct, including under Government Code §815.2, as well as responsible for its own conduct, or lack thereof, including as to its policies, procedures, practices and/or customs, in causing Plaintiffs' damages.

139.   As a result of the conduct of the Social Worker Defendants and Deputy Defendants, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, violated Plaintiffs' rights, ensured to them under California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, by, but not limited to, denying or aiding, inciting or conspiring to deny Plaintiffs' personal, familial and/or parental rights, including by, but not limited to: (a) use of threats, intimidation, or coercion to separate, remove, and/or interfere with the custody rights of T.S. and K.S. from their parents AMANDA and JASON by force and/or under color of law; (b) by detaining, and threatening to detain T.S. and K.S. from their parent's care, custody and control by use of deception, false statements, coercion, duress, and under color of law; (c) by interviewing and/or examining T.S. and  K.S. without the consent, knowledge, and presence of their parents, without urgent medical need or a reasonable belief to preserve evidence, and without Court Order; and (d) by using false, misrepresented, and fabricated testimony to interfere with Plaintiffs' rights; all of which violated the exercise and enjoyment of Plaintiffs' rights secured by the United States Constitution and other Federal laws, and the Constitution and laws of the State of California,  and including in violation of Government Code §820.21 prohibiting the use of fabrication of evidence, failure to disclose exculpatory evidence, and by obtaining and/or

41

**FIRST AMENDED COMPLAINT FOR DAMAGES**

attempting to obtain, evidence and testimony by duress, fraud and undue influence, as incorporated above.

140.   The acts of Defendants that are previously alleged in this Complaint and incorporated by the references herein to the extent applicable, interfered, or attempted to interfere, with the exercise of Plaintiffs' rights under the laws and Constitution of the State of California, including the Plaintiffs' rights of privacy, and those rights under Civil Code §51.7, as well as their rights under the laws and Constitution of the United States of America.

141.   As a direct and proximate result of the aforementioned conduct of the Social Worker Defendants and Deputy Defendants, and each of them, Plaintiffs have suffered and will continue to suffer damages, including great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

142.   These violations of the Plaintiffs' rights by Defendants, and each of them, are protected and guaranteed by Civil Code §52 entitling Plaintiffs to damages and relief, including compensatory and punitive damages, other equitable relief, injunctive relief,  statutory  civil penalties (including $25,000.00 as to each individual Defendant) and attorneys' fees, all of which are requested herein.

143.   In performing the acts alleged in this Complaint, the Social Worker Defendants and Deputy Defendants, and each of them, knew or should have known, that their actions were likely to, or would, injure and damage Plaintiffs,  and Plaintiffs are informed and believe, and thereon allege, that the Social Worker Defendants and Deputy Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said individual Defendants.

///

42

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF STATE CIVIL RIGHTS §52.1 AGAINST ALL**
**DEFENDANTS BY DIRECT LIABILITY - By All Plaintiffs**

144.   Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 143 herein.

145.   The Social Worker Defendants and Deputy Defendants, and each of them, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California law, including as to proceedings described in Government Code §820.21.  Defendant COUNTY is vicariously responsible for these Defendants' conduct, including under Government Code §815.2, as well as responsible for its own conduct, or lack thereof, including as to its policies, procedures, practices and/or customs, in causing Plaintiffs' damages.

146.   As a result of the conduct of the Social Worker Defendants and Deputy Defendants, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, have violated Plaintiffs' rights by interfering with Plaintiffs' rights by threats, intimidation, or coercion, or attempts thereto, including to force Plaintiffs AMANDA and JASON to agree to and sign documents, to coerce Plaintiffs AMANDA and JASON to conform to their demands, and in retaliation for Plaintiff's complaints about them, causing the violation and interference with the exercise or enjoyment of Plaintiffs' rights secured by the laws and Constitution of the United States, and the Constitution and laws of the State of California, as well as the requirements of Welfare and Institutions Code, and the prohibitions of Government Code §820.21 in using the fabrication of evidence, failure to disclose exculpatory evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress, fraud and undue influence, in juvenile dependency investigations and proceedings.

147.   As a direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiffs have suffered and will continue to suffer

**FIRST AMENDED COMPLAINT FOR DAMAGES**

damages, including great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.  Defendant COUNTY is vicariously responsible for the conduct of the Social Worker Defendants and Deputy Defendants, including under Government Code §815.2, as well as responsible for its own conduct, or lack thereof, including as to its policies, procedures, practices and/or customs, in causing Plaintiffs' damages.

148.   Plaintiffs' rights are guaranteed and protected by Civil Code §52.1. Defendants' violation of these rights entitles Plaintiffs to damages and relief, including compensatory and punitive damages, other equitable relief, injunctive relief, statutory civil penalties (including $25,000.00 as to each individual Defendant) and attorneys' fees, all of which are requested herein.

149.   In performing the acts alleged in this Complaint, the Social Worker Defendants and Deputy Defendants, and each of them, knew or should have known, that their actions were likely to, or would, injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the Social Worker Defendants and Deputy Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said individual Defendants.

## TWELFTH CAUSE OF ACTION

### INJUNCTIVE RELIEF Against All Defendants - By All Plaintiffs

150.   Plaintiffs reallege, adopt, and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 149 herein.

151.   As stated herein, Plaintiffs, as citizens and individuals, are protected by the laws and Constitution of the State of California, as well as those of the United States, including the First, Fourth and Fourteenth Amendments thereto of the United States Constitution, the right of privacy under the California Constitution and the

rights secured to Plaintiffs under Civil Code §52 and §52.1 as herein alleged, and are subject to Defendants' further violations of their rights as described herein.

152.   As stated herein, the Social Worker Defendants and Deputy Defendants, and County through its DCFS and LASD entities, have wrongfully and unlawfully, and with deliberate indifference to the aforesaid rights of Plaintiffs and to Defendants' duties and obligations to Plaintiffs, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of the Constitutional rights of Plaintiffs, including those as to freedom of speech, to be free from governmental interference as to their familial associations and from unreasonable searches or seizures, including, those relating to child abuse allegations and related actions and proceedings in investigations and proceedings described in California Government Code §820.21.

153.   There is a realistic probability that Plaintiffs will again be subjected to the same unconstitutional conduct as described herein and that Defendants, and each of them, will employ the same policies and customs to violate Plaintiffs Constitutional rights in the future.

154.   The aforesaid conduct of Defendants, and each of them, was achieved by way of fabricated evidence, allegations, testimony, failing to disclose known exculpatory evidence and by following known unconstitutional practices and customs. Defendants' past actions create a real and immediate threat to Plaintiffs, and all other individuals in Los Angeles County who have a child in their care and custody, that Defendants will again violate their Constitutional rights.

155.   Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the subject incidents herein and, Plaintiffs are informed and believe, and on that basis allege, that presently Defendants have not changed or modified such actions, conduct and/or policies to conform to law.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

156.   Defendants' wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of the court, will cause, and continue to cause, great and irreparable injury to Plaintiffs, and other individuals and citizens, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under the laws and Constitution of the State of California, and of the United States including the Fourth and Fourteenth amendments as herein before alleged.

157.   Plaintiffs have no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order enjoining and prohibiting Defendants from, but not limited to, the following:

a.   From failing to establish, implement, and follow policies, procedures, customs and practices mandated by the U.S. Constitution and California Constitution, and laws, including as to the removal, questioning, detention, continued detention, interviewing,  examination, and prohibition from providing false and misleading evidence and testimony while conducting dependency investigations and proceedings of minor children in alleged child abuse or neglect matters.

b.   From failing to properly supervise, manage, control, train, and direct the activities of its officers, agents and employees as to their compliance with those principals mandated by the First, Fourth and Fourteenth Amendments to the United States Constitution and laws, and under the California Constitution and laws, including those as to the right of privacy, and as to child abuse and neglect proceedings.

c.   From failing to implement and establish a policy of truthful, unbiased and full and complete reporting, including evidence and testimony both positive and negative (exculpatory), in the investigation or proceedings of matters pursuant to Chapter 2 (commencing with section 200) of Part

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1 of Division 2 of the California Welfare and Institutions Code, including when obtaining warrants and in providing reports and information to the Court.

    d.  From such other prohibited and unlawful conduct as set forth herein(including as to the basis for Plaintiffs' *Monell* claims herein).

## **PRAYER**

WHEREFORE, Plaintiffs request trial by jury and pray judgment against the Defendants as follows:

First Cause of Action ASSAULT- By Plaintiffs T.S. and K.S. against ALL Defendants, and Does 1 through 10

    1.    General damages in an amount to be determined by proof at trial.

    2.    Medical and related expenses in an amount to be determined by proof at trial.

    3.    Punitive damages as against the individual defendants.

    4.    Costs of this action.

    5.    Interest according to law.

    6.    Any other and further relief that the Court considers proper.

Second Cause of Action BATTERY- By Plaintiff s T.S. and  K.S. against ALL Defendants, and Does 1 through 10

    1.    General damages in an amount to be determined by proof at trial.

    2.    Medical and related expenses in an amount to be determined by proof at trial.

    3.    Punitive damages as against individual defendants only.

    4.    Costs of this action.

    5.    Interest according to law.

    6.    Any other and further relief that the Court considers proper.

Third Cause of Action FALSE IMPRISONMENT- By Plaintiffs T.S. and K.S. against ALL Defendants, and Does 1 through 10

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Punitive damages as against individual defendants only.

4.      Costs of this action.

5.      Interest according to law.

6.      Any other and further relief that the Court considers proper.

Fourth Cause of Action VIOLATION OF CIVIL RIGHTS- By All Plaintiffs against ALL Individually named Defendants and Does 1 through 10

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Punitive damages as against individual defendants only.

4.      Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.

5.      Interest according to law.

6.      Costs of this action.

7.      Any other and further relief that the Court considers proper.

Fifth Cause of Action VIOLATION OF CIVIL RIGHTS-  By ALL Plaintiffs against ALL Individually named Defendants, and Does 1 through 10

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Punitive damages as against individual defendants only.

4.      Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988  according to proof.

5.      Interest according to law.

6.      Costs of this action.

48

**FIRST AMENDED COMPLAINT FOR DAMAGES**

7.      Any other and further relief that the Court considers proper.

Sixth Cause of Action VIOLATION OF CIVIL RIGHTS- By ALL Plaintiffs against ALL Individually named Defendants and Does 1 through 10

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Punitive damages as against individual defendants only.

4.      Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.

5.      Interest according to law.

6.      Costs of this action.

7.      Any other and further relief that the Court considers proper.

Seventh Cause of Action MONELL RELATED CLAIMS- By ALL Plaintiffs against Defendants COUNTY, DCFS and LASD, and Does 1 through 10

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.

4.      Interest according to law.

5.      Costs of this action.

6.      Any other injunctive and other further relief that the Court considers proper.

Eighth Cause of Action INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- By ALL Plaintiffs against ALL Defendants, and Does 1 through 10

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

3.      Punitive damages as against individual defendants only.

4.      Costs of this action.

5.      Interest according to law.

6.      Any other and further relief that the Court considers proper.

Ninth Cause of Action VIOLATION OF STATE CIVIL RIGHTS (CC §43)-  By ALL Plaintiffs against ALL Defendants,  and Does 1 through 10, by direct liability;

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Punitive damages as against individual defendants only.

4.      Attorney fees, costs, penalties and expenses as authorized by law according to proof.

5.      Interest according to law.

6.      Costs of this action.

7.      Any other and further relief that the Court considers proper.

Tenth Cause of Action VIOLATION OF STATE CIVIL RIGHTS (CC§52 AND §52.1)-by ALL Plaintiffs against ALL Defendants, and Does 1 through 10, by direct liability.

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Punitive damages as against individual defendants only.

4.      Attorney fees, costs, penalties and expenses as authorized by law according to proof.

5.      Interest according to law.

6.      Costs of this action.

7.      Any injunctive and other and further relief that the Court considers proper.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Eleventh Cause of Action VIOLATION OF STATE CIVIL RIGHTS (CC §52.1)-
By ALL Plaintiffs against ALL Defendants, by direct liability;

    1.     General damages in an amount to be determined by proof at trial.

    2.     Medical and related expenses in an amount to be determined by proof at trial.

    3.     Punitive damages as against individual defendants only.

    4.     Attorney fees, costs, penalties and expenses as authorized by law according to proof.

    5.     Interest according to law.

    6.     Costs of this action.

    7.     Any injunctive and other and further relief that the Court considers proper.

Twelfth Cause of Action INJUNCTIVE RELIEF-  By ALL Plaintiffs against ALL
Defendants, and Does 1 through 10;

    1.     Injunctive relief, as allowed by law (including preliminary injunctive relief based upon separate application).

    2.     Attorney fees, costs, penalties and expenses as authorized by 42 U.S.C. §1988, Civil Code §52 and §52.1 and other applicable laws, according to proof.

    3.     Any other and further relief that the Court considers proper.

DATED:  November 5, 2015     LAW OFFICE OF DONNIE R. COX

                                  /s/  *Donnie R. Cox*
                                  DONNIE R. COX, Attorney for Plaintiffs
                                  AMANDA ANDERSON, JASON SINGLETON,
                                  T.S. a Minor AND K.S. a minor, by and through
                                  their Guardian Ad Litem, Dee Wayne Singleton

51

**FIRST AMENDED COMPLAINT FOR DAMAGES**