# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA ANDERSON, JASON SINGLETON, T.S. a minor, and K.S. a minor, by and through their Guardian Ad Litem, Dee Wayne Singleton,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES, TARA ANDERSON, JANET JACKSON, LIZABETH BONNETT, MARC WILLIAMS, NORA SALINAS, NATALIE OSTER, VEALETTA RANKEN, LA SHAY BAKER, LIZA MUTIS, JUDY THOMAS, PILAR BROWN, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY JOHN M. DEMPSEY, DEPUTY DANA, DEPUTY ROBERT CLAUS, DETECTIVE RICHARD SIMMONS, and Does 1 through 10 Inclusive,<br><br>Defendants. | CASE NO. CV15-05028 SVW (KLSx)<br><br>[PROPOSED] PROTECTIVE ORDER |

1

**Because this case will involve discovery of sensitive and confidential juvenile records, the terms of the protective order to which the parties agreed in their Stipulation RE: Juvenile Court Case Files And Proposed Protective Order ("Stipulation"), filed on April 1, 2016, as modified by the Court's amendment of paragraph 4 of the Proposed Protective Order, are adopted as a protective order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Those terms are set forth below.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

After consideration of the written stipulation of counsel, the Court hereby makes the following order:

1. This protective order will cover the juvenile court records and information of PLAINTIFFS including but not limited to (1) K.S. (dob: 05-29-2013) (Juvenile Court Case No. DK05795); (2) T.S. (dob: 01-04-2007) (Juvenile Court Case No. DK05793); (3) A.R. (dob: 02-17-2014) (Juvenile Court Case No. DK05794) and (4) any documents and information that may contain personnel matters and investigative files of County employees, including but not limited to DEPUTY JOHN M. DEMPSEY, DEPUTY DANA, DEPUTY ROBERT CLAUS, DETECTIVE RICHARD SIMMONS or otherwise protected by the privacy rights of these individuals and/or protected under the official information privilege and/or Cal. *Evid. Code* §§ 1040, 1043, and 1045 et seq., Cal. *Penal Code* § 832.7, and the Peace Officers Bill of Rights;

2. All documents and/or information, including information derived

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

therefrom (collectively "Confidential Information") produced by any party or third party, including the County of Los Angeles Superior Court – Juvenile Division, pursuant to any discovery request, subpoena or other provision of the *Federal Rules of Civil Procedure* in the above-captioned litigation and any documents related to personnel or other employment related files of County employees will be covered by this Protective Order;

3.  All confidential materials produced shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with this legend, such document is still subject to the provisions of this Protective Order.

4.  At any time after receipt of documents identified as Confidential Information, any party may provide the written objections to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the objection. Upon receipt of such a written objection, the disclosing Party shall provide a written response within five (5) business days. If the parties do not agree with the classification of certain documents as Confidential Information they may file a motion contesting the confidential nature of the disputed documents. The parties shall comply with the meet and confer requirements of the *Federal Rules of Civil Procedure* and Local Rules of this Court prior to the filing of any such motion. **The Designating Party shall bear the burden and expense of establishing the propriety of the challenged designation.**

5.  All Confidential Information provided in accordance with this Order may be used for all proceedings in this matter only, including any law and motion, trial and/or appeal. However, without limiting the above use, the dissemination of all

such Confidential Information will be limited to the same individuals entitled to use/review such Confidential Information as stated herein. The court will retain jurisdiction to determine whether any Confidential Information may be use before the court or in the court.

6. Testimony taken at any deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by the taking party with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential and to label such portions accordingly. Any request to seal Confidential Information that becomes part of the record shall be made pursuant to court motion. In the event that the court rules that the Confidential Information is admissible; then the court and/or jury may review said Confidential Information in open court in order to determine issues before the court.

7. All Confidential Information produced in accordance with the Order shall not be used other than the instant case in any deposition, legal proceeding for media use/dissemination, or in any other forum, nor shall the Confidential Information be disseminated in any form, except by court order, or until such time as the "Confidential" designation is removed by agreement of counsel for the parties or by further order of this court.

8. Confidential Information shall be viewed only by: (1) the court and its staff; (2) counsel of record for the parties and their staff; (3) the parties to the action; (4) witnesses other than the parties, so long as the witness has agreed in advance to be bound by this Protective Order; and (5) experts and consultants retained by the parties for this litigation and their respective staff so long as they have agreed in advance to be bound by this Protective Order. The court and its staff may review all matters, which pertain to the discussion of the Confidential Information, including law and motion matters, consistent with this Protective Order in respect to the

Confidential Information. In the event that the court rules that the Confidential Information is admissible, then the Court and its staff and/or jury may review said Confidential Information in open court in order to determine issues before the Court.

9. Confidential Information produced in connection with this Order shall not be disclosed, disseminated or in any manner provided to the media or any member of the public, unless the Court has ruled that the Confidential Information may be divulged to the media and the public.

10. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

11. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this court to obtain injunctive relief and sanctions against any person violating any of the terms of this Protective Order. This court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order and the court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order. Any such request for injunctive relief must be made by a properly noticed motion and pursuant to statute.

12. This Protective Order and the obligations of all persons thereunder including those relating to the disclosure and use of Confidential Information shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of this court.

\\
\\
\\
\\
\\
\\
\\

13. The parties will preserve all such Confidential Information and copies thereof, and will destroy them or return them to the producing party when this litigation is concluded.

**IT IS SO ORDERED.**

Dated: April 14, 2016

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE